(December 4, 1905.)

# SHEPHARD v. COEUR D'ALENE LUMBER COMPANY.
[83 Pac. 601.]

CORPORATION—MISTAKEN IDENTITY—MISTAKE IN FINDINGS.

1 Where an action was commenced and prosecuted to judgment against a domestic corporation named the ''Coeur d'Alene Lumber Company, Limited,'' but in the findings it is recited that the defendant is a Washington corporation, and throughout the findings and judgment where the defendant is named the word ''Limited'' is omitted, and an appeal is taken from such judgment by a foreign corporation organized under the laws of the state of Washington and named the ''Coeur d'Alene Lumber Company,'' and at the hearing on appeal the plaintiff and respondent admits and shows that the interchange of names and finding that defendant was a foreign corporation was a mistake or clerical error, *held*, that the cause must be remanded to the trial court with instructions to correct and modify the findings and judgment so that the decree may run against the true defendant.

(Syllabus by the court.)

APPEAL from the District Court in and for Kootenai County. Honorable Ralph T. Morgan, Judge.

From a judgment in favor of respondent the Coeur d'Alene Lumber Company appeals. Modified.

The facts are stated in the opinion.

McClear & Burgan, for Appellant.

As to the first exception, the appellant, the Coeur d'Alene Lumber Company, Limited, a Washington corporation, would respectfully direct the attention of the court to the fact that the complaint in this action was filed against an Idaho corporation, and the summons served on the manager of that corporation, and that there was such a corporation in existence as the Coeur d'Alene Lumber Company, Limited, organized and existing under the laws of the state of Idaho. We take the law to be that any judgment rendered against a person or corporation not a party to the action, who has never been served with process, and has had no day in court, is not only voidable, but absolutely void. (*Houser v. Smith,* 19 Utah, 150, 56 Pac. 683; *Venner v. Denver Water Co.,* 15 Colo. App. 495, 63 Pac. 1061, 1063; *Stocker v. Kirtley,* 6 Idaho, 795, 59 Pac. 891; *Thompson v. Tolmie,* 2 Pet. 157, 7 L. ed. 381.) As to the second exception, the court erred in awarding plaintiffs their costs in this action, for the reason that this defendant never made any appearance, was never brought into court, had no notice, and even the defendant in the action, the Coeur d'Alene Lumber Company, Limited, an Idaho corporation, filed no answer in said action; therefore plaintiffs were not entitled to their costs.

Charles L. Heitman, for Respondent.

"That a corporation defendant is not correctly named in an action can only be taken advantage of by plea in abatement, where service is properly made upon such corporation, and if such plea is not made, the judgment will bind the corporation, though named by another than its corporate name." (*Wilson v. Baker,* 52 Iowa, 423, 3 N. W. 481; *Gilbert v. Nantucket Bank,* 5 Mass. 97; *State v. Bell Tel. Co.,* 36 Ohio St.

296, 38 Am. Rep. 583; *Thatcher v. West River etc. Bank,* 19 Mich. 196.) "The voluntary appearance of a corporation under the name by which it has been sued, though erroneous, without objection, waives the defect." (*Steam Nav. Co. v. United States,* Taney, 418, Fed. Cas. No. 16,973.) "Where a corporation is sued by a wrong name, the corporation by its general appearance waives such misnomer, and cannot afterward raise the objection." (*School Dist. No. 14 v. Griner,* 8 Kan. 224.)

AILSHIE, J.—This is a novel case of mistaken identity—novel because the bewildered refugees, two soulless corporations of diverse origin, in their flight from a decree in equity (a thing abhorred by corporations) became so completely lost in the labyrinth of names that the plaintiff has been thence ever wont to turn the restraining clauses of her decree upon the twain with but a single name, so indiscriminately that they are driven hither to tell their story. Now, the thing seems to have happened in this way: There exists by the Lake Coeur d'Alene, in the county of Kootenai, a corporation born of the laws of the state of Idaho, and named the "Coeur d'Alene Lumber Company, Limited." This corporation, in the year 1903, not content alone with its own, claimed and asserted that it owned the lands of Hulda Shephard, but to pay heed to such a claim she flatly refused. On the contrary, she drew her bill and prosecuted an action to quiet her title. It happened about this time there came into existence under the laws of the state of Washington, another corporation named, the "Coeur d'Alene Lumber Company." The defendant failed to answer the plaintiff's complaint, and proofs were tendered and findings and decrees were made and entered. By the fourth finding defendant is declared to be a "corporation duly created, organized and existing under and by virtue of the laws of the state of Washington." Throughout the findings and decree the defendant is named the "Coeur d'Alene Lumber Company." While the action was commenced against the Idaho corporation, this appeal is taken by the Washington corporation. This Washington

progeny of statute law charges that it should not be visited by the transgression of a stranger. That it has never had its day in court and that it has been mistaken for the real defendant. The Idaho corporation seems content and does not appear in this court. Respondent, Hulda Shephard, has moved to dismiss the appeal on the grounds that notice thereof was not served on the real defendant, the Idaho corporation. Respondent appears anxious to see both of these namesakes unmask and reveal their identity in court. Appellant tells us, however, that it came into existence under the persuasive influence of the Washington statutes, and that it has no longing to respond to any Idaho decrees. This reluctance undoubtedly comes from its residence in Spokane, where so many of its kind exist with much ease and plead nonresidence in Idaho courts without an effort. At the argument counsel for respondent admitted that the finding that defendant is a Washington corporation was a mistake. Possibly there was an attraction about the Washington corporation, "Coeur d'Alene Lumber Company," from the fact that it was not "Limited." Appellant's brief and argument seem to have set respondent at ease on that score, and her counsel has filed a motion to have the findings and judgment so corrected as to make the decree run against the "Limited" corporation of Idaho, the real defendant. This we could not do if we should sustain the motion to dismiss, which indeed we think was well taken. Since this latter motion has been made, however, we have concluded that we might be able to reach a conclusion in the case satisfactory to both sides—a conclusion as unusual as this case is novel. We will remand the case with direction to the trial court to correct and modify the findings and judgment so that the same will run against the Coeur d'Alene Lumber Company, Limited, a corporation organized and existing under the laws of the state of Idaho. Appellant will be awarded costs of appeal, which shall only include thirty pages of transcript and brief.

Stockslager, C. J., and Sullivan, J., concur.