(April 15, 1909.)

## HULDA A. SHEPHARD, Respondent, v. COEUR D'ALENE LUMBER COMPANY, Appellant.

[101 Pac. 591.]

PRIVY TO JUDGMENT—PURCHASE SUBSEQUENT TO COMMENCEMENT OF ACTION—RIPARIAN RIGHTS—OBSTRUCTION TO THE RIGHT OF INGRESS AND EGRESS.

1. Every person is privy to a judgment or decree who claims an interest in an estate, which interest has been acquired by conveyance from a party to such judgment or decree subsequent to the commencement of the action in which the judgment or decree was entered.

2. The appellant herein, Coeur d'Alene Lumber Company, a Washington corporation, is the successor in interest and right to Coeur d'Alene Lumber Company, Ltd., an Idaho corporation, and is bound by the judgment and decree entered in the case of *Shephard v. Coeur d'Alene Lumber Company, Ltd.*, 11 Ida. 529, 83 Pac. 601.

3. Lake Coeur d'Alene is a public highway over which the public have a right to travel and to carry on commerce, and every person is entitled to exercise and enjoy that right in common with every other person, but no one has a right to convert that easement into a private use for a storehouse or warehouse or boom for holding or retaining its property or articles of trade and commerce. To do so would amount to an obstruction to the right of navigation and to the right to carry on commerce over such navigable waters.

4. Where a lumber company constructs and maintains a log boom along the waterfront of the lands of a riparian owner, preventing ingress and egress to and from the lands of such owner, injunction will lie to restrain the party maintaining the same from a continuance thereof.

5. The right of ingress and egress to and from the lands of a riparian owner is a property right, and must be respected, and for the protection of which the courts will afford a remedy.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District, for the County of Kootenai. Hon. William W. Woods, Judge.

Action by plaintiff to enjoin and restrain defendant from maintaining a boom in Coeur d'Alene Lake, along the shore line and immediately in front of her property. Judgment for plaintiff and defendant appealed. *Affirmed.*

R. E. McFarland, A. A. Crane, and H. M. Stephens, for Appellant.

Appellant would have a right to the use of the waters in front of the land of respondent for useful or beneficial purposes, so long as the use by obstruction merely impairs or renders more difficult the navigation, without destroying it. (*Small v. Harrington,* 10 Ida. 499, 79 Pac. 461; *Powell v. Springston Lumber Co.,* 12 Ida. 723, 88 Pac. 97.)

Edwin McBee, and Gray & Knight, for Respondent.

The judgment of a court of competent jurisdiction, so long as the same is unreversed, is conclusive of all questions involved in the issues, presented by the pleadings and passed upon by the judgment of such court as to parties and privies. (*Elliott v. Porter,* 6 Ida. 684, 59 Pac. 360; *Calumet Paper Co. v. Stotts,* 96 Ia. 147, 59 Am. St. 362, 64 N. W. 782; *Partridge v. Sheppard,* 71 Cal. 470, 12 Pac. 480.)

Judgments are binding upon privies as well as upon parties; but only those are privies, within the meaning of the rule, who acquire their interest in the subject matter of the suit after its commencement. (*Carroll v. Goldschmidt,* 83 Fed. 508, 27 C. C. A. 566.)

The appellant is not seeking to exercise a riparian right in connection with lands which it owns, but is attempting to monopolize the shore line of plaintiff's land for its own in-

dividual purposes and not a reasonable use of the waters for the purposes of navigation. The right of the plaintiff to enjoy the use of the waters in front of her land is a substantial right and the injunction was properly granted. (*Johnson v. Johnson,* 14 Ida. 561, 95 Pac. 499.)

AILSHIE, J.—This action was commenced by the respondent, Hulda A. Shephard, to procure an injunction restraining the defendant from trespassing on plaintiff's land and dumping sawdust and debris thereon and from booming and storing logs along and upon the shore line in front of her land abutting on Lake Coeur d'Alene. The district court entered a decree in favor of the plaintiff, and defendant, the Coeur d'Alene Lumber Company, a Washington corporation, has appealed.

The complaint is in the usual form, and contains all the material allegations essential in such cases, and the demurrer was therefore properly overruled, as was also the objection to the introduction of any evidence in support of the allegations of the complaint. The defendant denied the plaintiff's ownership of the property and alleged ownership in itself. The evidence produced on the part of both plaintiff and defendant in an endeavor to establish the chain of title is extremely complicated and confusing. Both parties claim title to the property, and each endeavors to trace title from a patent from the United States government to Tony A. Tubbs. As we view this question of title, however, it is wholly unnecessary to recite it here or enter into any discussion or consideration of it in detail. In our view of the matter the whole question of respondent's title and right of possession as against this appellant is settled and determined by the case of *Shephard v. Coeur d'Alene Lumber Co.,* 11 Ida. 529, 83 Pac. 601. This appellant is the grantee and successor in interest through mesne conveyances of the Coeur d'Alene Lumber Company, Ltd., an Idaho corporation. The case of *Shephard v. Coeur d'Alene Lumber Company, Ltd.,* previously decided by this court, was an action by the respondent in this case against a domestic corporation for the purpose of

quieting her title to the identical property involved in this case. The conveyance from that company, an Idaho corporation, was made subsequent to the commencement of the action of *Shephard v. Coeur d'Alene Lumber Company*, 11 Ida. 529, 83 Pac. 601. All persons who took any title, interest or claim by conveyances executed subsequent to the commencement of that action, are parties in privity with the defendant in that action, which was the Idaho corporation. (See *Schuler v. Ford*, 10 Ida. 739, 109 Am. St. 233, 80 Pac. 219, and cases there cited.) The appellant in this case, the Washington corporation, is therefore a party in privity with the Idaho corporation, which was defendant in the original case of *Shephard v. Coeur d'Alene Lumber Company*, heretofore decided by this court. The appellant herein is therefore bound by that judgment, and that determines the question of ownership of the property as between the parties to this action. We find no error in the rulings of the court on the admission of evidence. The evidence clearly supports the findings of the court.

It appears that the lumber company has been using the waterfront adjacent to respondent's land for storage and boom purposes in connection with its sawmill and lumbering business. It keeps large quantities of lumber and logs bedded along the waterfront, and in such manner as would exclude ingress and egress to and from respondent's land by way of the lake. This lake is a public highway (*Powell v. Springston Lumber Co.*, 12 Ida. 723, 88 Pac. 97), and the respondent, in common with every other member of the public, has a right to use this highway for the purposes of travel and commerce. The appellant has an equal and like right, but when it ceases to use it for the purposes of travel, navigation and commerce, and converts it into a storehouse or warehouse for its articles of trade and commerce, it is exceeding its right as a member of the public and is converting that right into a private use. This is unlawful and a violation of the upland owners' property rights. This court has heretofore passed on this phase of the question, and in *Powell v. Springston Lumber Co., supra,* the court said:

"Navigable streams are public highways over which every citizen has a natural right to carry commerce, whether it be by boats or the simple floating of logs. . . . . The right of a riparian owner to use a stream implies the necessity as well as right to pass from the shore to the navigable waters of the stream, and this in turn must require some effective means or medium by which to reach such point for loading or unloading the commercial and floatable commodity. This is a rule of law, on which we decided the case of *Small v. Harrington,* 10 Ida. 499, 79 Pac. 461."

We also held in the case of *Johnson v. Johnson,* 14 Ida. 561, 95 Pac. 499, that:

"The public have an easement in, and the right to use, the navigable streams of this state, but in so doing, must have due consideration and reasonable care for the rights of the riparian owner, whose right to use a stream implies the necessity as well as the right to pass to and from such stream."

The appellant cannot lawfully appropriate respondent's property to its own use in this manner. If it is in need of this waterfront for storage and boom purposes, it must acquire the right to the use in a lawful manner. To allow it to appropriate and use the waterfront along respondent's property in such a manner as to prevent her ingress and egress, might deprive respondent of the principal use and benefit of her property and take from the property its chief value. Whether this right of ingress and egress is of any particular value to respondent or not can make no difference to the appellant; it is a property right of respondent's that must be respected, and she had a perfect right to resort to the court for the remedy she sought in this case. The injunction was properly issued, and the judgment of the trial court should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Sullivan, C. J., and Stewart, J., concur.