DEVIN v. THE CITY OF OTTUMWA.

53   461
137   689

1. **Res Adjudicata:** CO-DEFENDANTS: ACTION TO QUIET TITLE. Where, in an action to quiet title, two defendants answered separately, each claiming title in himself, and the court·upon the trial found that the property was owned by one of such defendants, and entered a decree quieting the title in him as against the plaintiffs, it was held that such decree was also an adjudication of the question of title as between the defendants, and constituted a bar to any future claim to the property against the successful party, or those claiming through him, by his co-defendant.

*Appeal from Wapello District Court.*

THURSDAY, APRIL 22.

*Calvin Manning, H. B. Hendershott* and *Wm. McNett,* for appellant.

*M. J. Williams* and *Wright, Gatch & Wright,* for appellees.

ROTHROCK, J.—This is a controversy involving the title to a tract of land which is described in the petition as follows: "A parcel of land lying on the left bank of the Des Moines river, at Ottumwa, Iowa, bounded southerly by said river, easterly by Court street, extended to the river, northerly by Front street, and westerly by Washington street, extended to the river."

This property, with other real estate, was patented by the

United States to the county commissioners of Wapello county in 1844. The county commissioners, and other persons hereinafter referred to, laid out and platted upon the property patented to the county a town, then called Louisville (now Ottumwa).

In 1849 the board of commissioners conveyed to Uriah Biggs certain of the lands lying in and adjoining the town of Ottumwa, among which was the land in controversy, the description thereof being substantially the same as that above given.

May 24, 1855, Uriah Biggs conveyed to Thomas Devin, the ancestor of the plaintiff herein, the same lands which had been conveyed by the county commissioners to him, but by a more general description. The land in controversy was not specifically described, but it is claimed by appellee that it is fairly included in the description in the deed.

It appears that the town was laid out and platted by certain persons who composed the Appanoose Rapids Company, and the county commissioners, jointly. All of the parties composing the Rapids Company, and also the county commissioners, acknowledged the plat and certified to its correctness.

In 1868 Moses Pettingill, Uriah Biggs, and others who were members of the Appanoose Rapids Company, commenced an action in equity against Thomas Devin, the City of Ottumwa, the County of Wapello, the Burlington & Missouri River R. Co., the Des Moines Valley Railroad Co. and others, claiming title to undivided interests in said lands conveyed by the county to Biggs. The ground of their claim was that they and their grantors were original claimants and settlers upon all of said lands which were patented to the county, and that by an agreement between them and the county the said claimants furnished the money necessary to enter the land, and the town was to be laid out, and the county was to have each alternate inlot, as its sole and only interest in and to said lands, and all the other lots and parcels were to belong to the

said claimants; that the conveyance to Biggs was made for greater facility and convenience in transacting the business of said claimants; that said Biggs, as one of the claimants, was the owner of 2–24 part of said lands, and took the title to 22–24 in trust only for the other owners; that when Devin took the conveyance from Biggs, he only took the 2–24 part of the land which had been conveyed by the county to Biggs, and that Biggs and the other plaintiffs in said action were the owners of the ground designated as "wharf" (the land in controversy) and certain streets, which had never been opened nor used by the town, but had been abandoned as streets. The petition set forth the interests of the respective parties as tenants in common of the premises, and prayed for a decree settling and quieting the title to said lots in the parties plaintiff and in the said Thomas Devin, and "that partition (be made) of said lots or parcels of grounds among the said several owners according to their respective interests as shall be found."

The City of Ottumwa filed a separate answer, which, so far as it relates to the land in controversy, is in these words: "Comes now the City of Ottumwa, one of said defendants, and for answer to plaintiffs' petition says, that it is not true that the so-called Appanoose Rapids Company directed the commissioners of Wapello county to convey to Uriah Biggs as their trustee, or in any other way, a strip of ground bounded on the northeast by Front street in the city of Ottumwa, and on the northwest by Washington street, on the southwest by the Des Moines river and on the southeast by Court street; that said strip of ground was originally laid off and platted as a part of Front street in said city, and ever has been, and still is, a part of Front street, which, between Court and Washington streets, as above described, extended to the Des Moines river, as shown in the original plat."

Thomas Devin answered by claiming title in himself to all the land conveyed by the county commissioners to Biggs, and claimed that Biggs conveyed all of said real estate to him,

and that he took his conveyance from Biggs without any knowledge of any claim of plaintiffs upon the land.    He also pleaded adverse possession and the statute of limitations, and prayed "that the title thereto be quieted in him, and for general relief in equity and costs."

There was a trial upon these issues joined as between these parties, and a decree was entered finding that the county of Wapello conveyed to Biggs, in fee, the lands included in the deed to him (including the land in controversy), and that Biggs conveyed to Devin, and that Devin took title without any notice of any equities in the plaintiffs, and the decree proceeds as follows:    "It is, therefore, ordered and decreed that the title to the lands hereinbefore described be quieted and confirmed in the defendant and his grantees as against the plaintiffs or persons claiming under or through them, or any of them, and that plaintiffs be forever barred from having or claiming any interest in any of the premises as against said Thomas Devin or his grantees."

From this decree the plaintiff appealed to this court, and the decree was affirmed, 35 Iowa, 344.

Afterward Thomas Devin died intestate, and the plaintiffs, who are his heirs, entered upon the land in controversy, and enclosed the same with a fence.    The defendant by its marshal removed the fence, and took possession of the premises used, and occupied the same as a cattle yard and hog-pound. This action is to recover possession of the land and for damages.    The defendant answered, averring that said tract of land was dedicated by the county and the Appanoose Company, as part of a public street called Front street, and that the county had no interest therein which it could convey; that the same is now and has ever since June 4, 1844, when the town plat was recorded, been in the public as a public street.

It was further averred that the property in controversy was, by mistake, embraced in the deed to Biggs, and that Thomas Devin knew of said mistake, and well knew he was not obtaining title to the land in question, through the con-

veyance from Biggs to him, and knew that the same was part of Front street in said town. It was asked that the cause be transferred to the equity docket and the mistake corrected, and title quieted in the public as a part of the streets of Ottumwa. The plaintiffs amended their petition by pleading the proceeding and decree in the case of *Pettingill et al. v. Thomas Devin et al.*, 35 Iowa, 344, as an adjudication of the title to the land as between the City of Ottumwa and said Thomas Devin. To this amendment the defendant answered by denying the alleged adjudication.

There was a trial upon these issues, and a decree for the plaintiff.

The material and controlling question in the case, as we view it, is this: was the title to the land in question in effect adjudicated as between these parties in the former action, wherein Pettingill and others were plaintiffs, and Thomas Devin, the City of Ottumwa and others were defendants? To properly determine this question, it is necessary that we should understand the exact position of the parties in the former action. Pettingill, Biggs and their associates claimed that the land in controversy was not embraced in the deed to Devin, but that it had been part of a wharf, and that the title thereto was in Biggs in trust only. Devin claimed that the land in controversy was conveyed by Biggs to him, and that he held it by the same right that he held the other lands then in controversy. The City of Ottumwa claimed that the land in question was originally laid off as part of Front street, and that it ever had been, and still was, a part of said street. It will be seen from this condensed statement of the pleadings that each of the three parties named were claiming title to the property. The claims of Devin and the City of Ottumwa were in direct antagonism. The city asserted that the land was part of a street, and, therefore, could not be conveyed by the county commissioners, and Devin claimed that he held title under the conveyance by the commissioners. If either of these parties had prayed affirmative relief against the other

there would have been no question but that the decree quieting the title in Devin would have forever closed the door to further litigation. There is no doubt about the identity of the subject of the action, and the identity of the parties, and the claim to the land now asserted by the city is identical with the claim asserted in the other action.

It is claimed by counsel for appellant that these parties, being both defendants in the former action, did not seek to have the title as between themselves determined, but that they united to defeat a common enemy, and that, therefore, their rights as against each other were in no manner presented for adjudication, and were not determined.

But the record shows that each of these parties claimed title, not under, by, or through the other, nor by any alleged joint interest, but adverse to each other. It can make no difference that they were both defendants. They were parties each claiming to be the owner of the land. It is true that neither in terms claimed affirmative relief as against the other. But as the petition asserted that the plaintiffs had title to certain undivided interests, and the defendant Devin certain other undivided interests, and the city took issue with the plaintiffs and Devin, the decree quieting the title in Devin to the land in controversy necessarily determined that it was not a part of Front street. It was necessary for the city to maintain the allegations of its answer in that action, to prove that the land was a part of Front street. It seems to us that the city, having made the issue and asserted its right in the former action, must be held to be concluded by that decree. It is true the decree quiets the title in Devin, as against the plaintiffs or persons claiming under or through them, and does not in terms quiet his title as against the city. But the decree, also, finds that the county derived title to all the lands in controversy from the United States, and that the county conveyed in fee simple to Biggs, and that Biggs conveyed to Devin. It follows that it was necessarily decided in that case that Devin took an absolute title to the property, and that it

was such property as the county might lawfully convey. This was an adjudication of the defendant's claim that the land in question was part of a street.

We have not herein referred to the numerous authorities cited by counsel for the respective parties upon this question. A careful examination of them led us to the conclusion that they could not be reviewed in the limits we felt bound to confine ourselves to in this opinion. There are some general rules upon the subject of *res adjudicata* which are recognized in all the cases; but the facts in each case are so variant that, after all, each one must be determined upon its own merits, keeping in view only the one invariable and fundamental rule, that when a question between parties has once been fairly presented to a court of competent jurisdiction and determined upon its merits, that determination should forever settle the controversy.

AFFIRMED.