## BELL *v.* GITTERE.

*(Superior Court of Buffalo, General Term.  March 24, 1890.)*

PARTITION—JURISDICTION OF COUNTY COURT—CANCELLATION OF DEED.

> Code Civil Proc. N. Y. § 340, confers jurisdiction on county courts in actions of partition, and by section 348 the jurisdiction is made co-extensive with the supreme court. Sections 1543 and 1545 provide for the trial of title in such actions; and in case of default the court is required to ascertain the rights, shares, and interests of the parties before interlocutory judgment is rendered. *Held,* that a county court has jurisdiction, in an action of partition, to cancel a deed, to the end that it might partition the property, and that a complaint which alleges that, if the deed was ever executed, it was not intended to operate as such, and was for that purpose void, but, if valid for any purpose, it was as a mortgage, and not as a deed, and which demands judgment that the respective interests of the parties in the premises be established, is sufficient to authorize such cancellation.

On exceptions from trial term.

Action by John A. Bell against Jacob A. Gittere.  Defendant moves to vacate and set aside a judgment, and for a new trial, on a case and exceptions ordered to be heard at the general term in the first instance.

Argued before BECKWITH, C. J., and HATCH, J.

*Carl T. Chester,* for plaintiff.   *Adelbert Moot,* for defendant.

HATCH, J.   By this action, plaintiff seeks to have determined conflicting claims to real property pursuant to the provisions of article 5, c. 14, Code Civil Proc.   The common source of title runs from Catherine Gittere, deceased, and by mesne conveyances both parties make claim to title.   Catherine Gittere died in 1876 possessed of the property described in the complaint.   Joseph G. Gittere, her husband, survived her, and continued to occupy the premises until his death, in May, 1881.   Thereafter an action of partition was commenced in the county court of Erie county by the heirs of Catherine Gittere, which resulted in a judgment; and the premises were sold under the direction of the court, and were bid in by the plaintiff in the partition action, who subsequently deeded the same to one Herman, who conveyed to the plaintiff.   Defendant's claim of title is based upon a quitclaim deed claimed to have been executed by Catherine Gittere and her husband, October 6, 1875, to Peter G. Gittere, and by Peter and wife to M. E. Gittere, July 8, 1880, and by M. E. Gittere to Elizabeth Gittere, wife of the present defendant, November 17, 1880, and by Elizabeth through devise to Jacob A. Gittere, the defendant. All of the foregoing deeds were duly recorded prior to the commencement of the partition action, except the deed to Elizabeth, which was not recorded until September 24, 1881, nearly three months after the action for partition was commenced, which was on July 1, 1881, and *lis pendens* filed the same day. M. E. Gittere was made a party defendant in the partition action, mentioned in the *lis pendens* as such, and was served with a copy of the summons and complaint.   The complaint in the partition action, after alleging the interest of the heirs of Catherine Gittere in and to the premises, makes reference to the deeds constituting defendant's chain of title to and including the deed to M. E. Gittere, and alleges "that, though said deeds do in manner and form purport to convey the title of said premises, if they were ever executed as the record shows, they were never intended to operate as deeds, and for that purpose are absolutely void;  *  *  *  that the said deed  *  *  *  to Peter G. Gittere was never in fact executed in form and effect as appears of record, but, if it was ever executed, it was only intended as a mortgage, and not otherwise."   The prayer for judgment asked that the rights and interest of the parties be established, and that the premises be sold.   Default was made by all the defendants except certain infants, for whom the usual answer was served by guardian.   A reference was ordered and proof taken, establishing the rights of the parties, and also tending to establish that the deed to Peter G. Gittere was never executed by the grantor therein, and was fraudulent;.

and the referee reported that said deed was void, and vested no right in or to the premises in Peter G. Gittere and wife, and that the subsequent conveyance to M. E. Gittere was also void. Judgment was subsequently entered confirming said report, and adjudging the said deeds inoperative and void. Upon the first trial of this action the court directed a verdict for the plaintiff, holding that the judgment in the partition action bound the defendant M. E. Gittere, and those persons deriving title from her, for the reason that, the deed from her being recorded subsequent to the filing of the *lis pendens*, she had notice, and was concluded by the judgment pronounced. But, the defendant having not only offered to prove title, but possession thereunder, at the time of the partition, the court held that this was notice of title; that plaintiff took subject to' such rights. *Bell* v. *Gittere*, 14 N. Y. St. Rep. 61. Upon the second trial, which is now the subject of review, the court held the judgment of partition conclusive, unless, at the time of its rendition, those claiming under M. E. Gittere were in possession of the premises, in which event they would not be bound by the judgment. Upon this question the jury found for the plaintiff. It is not now claimed that the court committed any error in its charge, but the claim is made that the primary object of the action in the county court was for the cancellation of deeds, to the end that it be established that there was property to partition, and then to partition the same,—the former of which the court had no jurisdiction. In other words, the court is confronted with the naked question, did the county court have jurisdiction to pronounce the judgment which it gave?

The first point attacks the complaint, *i. e.*, that no facts are alleged in the complaint in the partition action which authorized the cancellation of the deeds. As already stated, the complaint therein alleged that, if the deeds were ever executed, they were not intended to operate as such, and were for that purpose void; but, if valid for any purpose, it was as a mortgage, and not as a deed. In addition, the complaint alleged the apparent interest by a statement of the deeds, parties thereto, and records. Thus the allegation was perfect as a statement of the rights and interest of M. E. Gittere, in whom the record showed the title to be at that time, if the deeds were valid as such, and was such statement as is required by section 1542, Code Civil Proc. This was sufficient to present a question for the court to determine, if it possessed jurisdiction. The demand for judgment is also sufficient. The action was partition. The judgment demanded that the respective interests of the parties in the premises be established. This called upon the court to determine the interest alleged, its character and extent, as the law requires the determination of such interest in such action. Id. § 1543. It matters not that the complaint also demanded other relief. It is sufficient if it demanded the judgment warranted by the facts alleged, and applicable to the subject of the action. *Peck* v. *Railway Co.*, 85 N. Y. 246.

The further claim is that the county court had no jurisdiction to render the judgment relied upon by plaintiff. The basis of attack consists in the claim that, primarily, the action was not one of partition, but was an action to cancel a deed in the first place, that it might partition the property in the second place. By section 340, Code, jurisdiction is conferred upon county courts in actions of partition, and by section 348 jurisdiction in such actions is made co-extensive with the supreme court. These sections, it would seem, confer jurisdiction upon the court to try any question presented in such action, when the power to be exercised is applicable to the issue, without invoking the aid of any extrinsic power not directly conferred by the law authorizing the action. In other words, if the complaint presents by its allegations only those issues recognized as embraced within the character of the action which may be tried therein, then the court possesses jurisdiction; but, if the issues are of such a character that the court, in order to render the judgment asked, must reach beyond, and seize upon power generally conferred, and outside of the statute

authorizing the action, then courts of limited power are without jurisdiction to pronounce the judgment asked. By section 1543, Code, provision is made for the trial of title in actions of partition; and by section 1545, in case of default, the court is required to ascertain the rights, shares, and interests before interlocutory judgment is rendered. It is true these sections do not purport to change or enlarge the jurisdiction of the county court; but what they do provide for is that, in actions of partition, title may be tried, not by the exercise of independent equitable powers inherent in a court of general jurisdiction, but by virtue of a statute providing what issues may be tried in such actions. Prior to these sections of the Code, such power was much doubted. *Van Schuyver* v. *Mulford*, 59 N. Y. 426. But since the supreme court has held that title may be tried and determined in partition. *Knapp* v. *Burton*, 7 Civ. Proc. R. 448. The jurisdiction to try actions of partition being conferred, and title being one of the issues appropriate to and embraced within such action, it may be determined without invoking any other powers than such as are expressly provided for, as it would seem to be absurd that jurisdiction of the subject-matter of the action should be conferred, and power to determine the issues embraced within it should be withheld. The principle here invoked seems to have been recognized in *Hyland* v. *Baxter*, 98 N. Y. 610, where the court says: "The surrogate's court is a court of limited powers and jurisdiction; but it has jurisdiction to determine questions, either legal or equitable, arising in the course of proceedings in the execution of powers expressly conferred, and which must be decided therein." The learned counsel for defendant relies upon *Avery* v. *Willis*, 24 Hun, 548; *Thomas* v. *Harmon*, 46 Hun, 75,—to support his contention. In the first of these cases the mortgage sought to be foreclosed was so defective in its description of the land intended to be covered by it that no judgment of foreclosure could be rendered until the instrument was reformed. It seems clear that the power to foreclose and the power to reform an instrument are quite independent in character; and it was well held that no foreclosure could be had until reformation was decreed. Of the latter action no jurisdiction was conferred, and this for the reason that the issue of reformation was in no sense embraced within the power granted to foreclose; and it was therefore necessary to seek such authority in general equity power, which was not possessed by the county court. Such would be the present case, if no title could be tried and adjudicated in an action of partition without resort to the general powers of a court of equity; but such is not the case where the statute provides that such issue may be so tried in such action, and jurisdiction of the subject-matter thereof is conferred. The second case relied upon was held to be like the first in principle, and followed that decision. We think, for the reasons stated, that a clear distinction exists between the cases, and that the county court possessed jurisdiction to pronounce the judgment which it gave. The defendant, M. E. Gittere, was served with the summons and complaint in the partition action, and made default. She was then bound by the judgment rendered, and her subsequent grantees are also bound. *Moore* v. *City of Albany*, 98 N. Y. 410. The exceptions are therefore overruled, and judgment ordered for the plaintiff upon the verdict, with costs.