THE PROVIDENT LOAN TRUST COMPANY v. E. J. MARKS.

**No. 218.**

1. JUDGMENT—*of foreclosure against defaulting party alleged to have junior interest does not bar paramount title.* In an action to foreclose a mortgage, in which the petition alleges that one defendant has or claims to have some interest in or lien upon the premises, which lien or interest, if any exists, has accrued subsequently and is subject to the plaintiff's lien under his mortgage, and in which such defendant is served by publication only and makes default, and a judgment is entered barring such claim, the judgment does not bar the claim of such defendant, amounting to an adverse and paramount title to such land and acquired long before the making of the mortgage.

2. ———— *in ejectment, res judicata as to defendants served with process and persons in privity after suit's commencement.* A judgment in an action to recover specific real property operates as an estoppel, or *res judicata*, as to all defendants in the cause served therein with process of the court, and as to all parties claiming under them who acquired their interest subsequently to the bringing of such suit.

Error from Morris District Court. Hon. James Humphrey, Judge. Opinion filed July 16, 1897. *Affirmed.*

This was an action to foreclose a mortgage made by McCleery and wife, defendants in the court below, to the Kansas Central Loan and Investment Company, by that company assigned to one Blodgett, and by Blodgett to the plaintiff in error, which was also plaintiff below. The defendant Marks denied title in the mortgagors, McCleery and wife, and asserted title in himself through conveyances from one Allen Gale, who was also a defendant below. Gale in turn claimed title through conveyances from one Dolloff. The mortgagors, McCleery and wife, obtained their title by purchase under an order of sale issued in a foreclosure action upon the land in question, in which Dolloff had been made a party defendant under an allegation that he had or claimed to have some interest in or lien upon the premises or a part thereof, which lien or interest, if any existed, had accrued subsequently and was subject to the plaintiff's lien thereon under his mortgage. In this case, the makers of the mortgage foreclosed, a certain Jackson and his wife, were served with summons, but Dolloff by publication only. Dolloff made default, and the decree, in pursuance of which the McCleerys had purchased, was against him as well as the other defendants. After Dolloff had conveyed to Gale, the latter brought suit in ejectment against the McCleerys and their mortgagee, the Kansas Central Loan and Investment Company, to recover the land in controversy, and obtained judgment against them.

Judgment was had in the court below for the defendant Marks, quieting his title as against the plaintiff's mortgage. From this judgment error is prosecuted to this court.

36. LOAN CO. v. MARKS.

N. Dept.       Opinion. Mahan, P. J.       6 Kan. App.

*Jas. V. Humphrey*, for plaintiff in error.

*D. H. Brown*, for defendant in error.

MAHAN, P. J. The contention of the plaintiff in error is, that Martin McCleery, mortgagor, the Kansas Central Loan and Investment Company, mortgagee, and through them the plaintiff, are innocent purchasers for value under the decree of foreclosure against Dolloff, and that Dolloff, and Gale and the defendant in error, claiming under Dolloff, are estopped by that decree of foreclosure from asserting any right to the premises.

The defendant in error contends that McCleery and wife, the mortgagors, and the plaintiff claiming under the Kansas Central Loan and Investment Company, mortgagee, are estopped from asserting title, by reason of the judgment in the action brought by Gale to recover the property in controversy. Gale's petition in this action to recover the land set out all the conveyances, from the grant by the Government to the State of Kansas to aid certain public improvements, down to himself, setting out the deeds and claiming title in fee. He recovered judgment upon this petition, and there can be no question, under the decisions of the courts and the authority of the text-writers, that this decree works an estoppel against both McCleery and the plaintiff. And even if this were not so, the decree of foreclosure in the case against Dolloff and others could not be more comprehensive than the petition, and could not and did not determine any rights of Dolloff that were prior and superior to the mortgage given by Jackson. It is admitted by the parties that but for this decree of foreclosure and sale, Dolloff would have the paramount title, which he ac-

LOAN CO. v. MARKS.                     37

July 16, 1897.      Opinion.    Mahan, P. J.        E. Div.

quired long before the Jackson mortgage. The decree of foreclosure in Dollòff's case would not, under the allegations of the petition, bar him of this right. So that the judgment of the District Court is right in any event.

The question is argued as to the right of a mortgagee, or holder of a mortgage, to make parties defendant persons claiming adverse titles, for the purpose of determining the adverse title in the foreclosure proceeding. We have said, in the case of *Busenbark v. Park* (ante, p. 1), upon the authority of *Bradley v. Parkhurst* (20 Kan. 462), that the holder of an adverse title could be made a party defendant, and that in an action to foreclose a mortgage a paramount title could be litigated and determined. We believe that under a liberal interpretation of our Code — for which that Code provides — this can be done. We believe it was the intention of the Legislature to have all controversies respecting a piece of property settled in one suit; that was one of the reforms contemplated by the framers of the Code. However, this question is immaterial to the decision of this case, as it is conceded by the parties that unless Dolloff was barred of his prior and paramount right by the decree of foreclosure, the judgment is correct; or that, if the judgment in ejectment in the case of Gale against McCleery and others barred the mortgagors and mortgagee, who were parties and personally served in that case, the judgment of the District Court is correct. We hold that Gale's judgment in ejectment was a bar, and that the judgment of foreclosure against Dolloff only barred him of any rights that may have accrued to him after the making of the Jackson mortgage, and not any prior and superior title thereto.

The judgment is affirmed.