### KOHLY v. FERNANDEZ.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

1. JUDGMENT (§ 668*)—CONCLUSIVENESS—PERSONS CONCLUDED—JOINT MORTGAGORS.

Where a mortgage and the obligation to pay under its terms were joint, a judgment determining its invalidity as to one is conclusive as to the other, and the fact that one mortgagor, after entering an appearance in the action, did not answer, but permitted judgment to go by default, did not affect the binding force of the judgment as to him.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 668.*]

2. JUDGMENT (§ 704*)—CONCLUSIVENESS—PARTIES CONCLUDED.

The fact that joint mortgagors were codefendants in an action determining the invalidity of the mortgage did not deprive the judgment of its conclusive force as between them, where they were essentially adversary parties.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1229; Dec. Dig. § 704.*]

3. JUDGMENT (§ 678*)—CONCLUSIVENESS—PERSONS BOUND.

The general rule is that all are bound by a judgment who had a right to be heard therein and all who are in privity with them, and that all who are bound by a judgment are entitled to the benefit of it against parties thereto or their privies.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1195–1199; Dec. Dig. § 678.*]

Appeal from Special Term, New York County.

Action by Carolina F. Kohly against Jose M. Fernandez. From a judgment for defendant (58 Misc. Rep. 24, 110 N. Y. Supp. 398), and from an order denying a motion for new trial, plaintiff appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William N. Cohen, for appellant.
Austen G. Fox, for respondent.

SCOTT, J. The facts in this case, although unusual, are not complicated, and as we view it there is but a single question of law which requires serious consideration.

The plaintiff and defendants are sister and brothers, children of Pedro Lamberto Fernandez, deceased, a resident and large property owner in Cuba. He died in 1892, and for some time his estate was managed in community without division among his heirs. In 1894 the plaintiff appears to have withdrawn from the community, and her brothers executed and delivered to her the instrument, hereinafter for convenience called the "mortgage," to enforce which is the object of this action. This instrument executed by both of the defendants recites: That plaintiff had withdrawn from the community constituted as to the property of the estate of her father; that her account having been liquidated, after deducting the part that she had to pay, showed a balance in her favor of $69,000 in gold. Thereupon the defendants acknowledged themselves to be indebted to plaintiff in said sum of $69,-000, which they agreed to pay her in certain specified installments, with the proviso that if default should be made in the payment of any installment, and should continue for two months, the whole amount should at once become payable, and plaintiff should be entitled to demand the entire indebtedness by executory proceedings. As security for the payments thus agreed to be made, the mortgage was made a lien upon a plantation known as the "Union," and also upon certain other property, apparently of minor importance and value. The defendants paid the installments as agreed for some time, but then discontinued payment, and plaintiff elected to declare the whole sum due. Meanwhile a prior mortgage on the "Union" plantation had been foreclosed and the property sold.

Plaintiff thereupon instituted, in the Cuban court having jurisdiction of such matters, what is known as an executory action for the recovery of the money still unpaid to her, amounting to $56,000, and for a foreclosure of her lien upon the property mortgaged other than the "Union" plantation. In this action she effected service of process only upon her brother Andres; the appellant Jose not appearing in the action. Judgment went in plaintiff's favor, and upon appeal by Andres was affirmed. Foreclosure was decreed against the property mortgaged, except "Union" plantation, and the properties were sold and apparently bought in by plaintiff or for her account. Plaintiff thereupon brought this action, serving only Jose, who is the present appellant. Her complaint is upon the mortgage, which is set forth. She also pleads the judgment and the affirmances thereof in the appellate courts to which Andres had appealed. Andres then began what is known as a "declaratory action" in the appropriate court in Cuba, being the court of first instance of the city of Colon, to review the executory action theretofore brought by plaintiff, and to re-examine the questions decided therein, and for a judgment declaring that the credit claimed by plaintiff under the aforesaid judgment could not be claimed, and de-

claring the nullity of the sales of mortgaged property made in pursuance of the judgment in the executory suit. In this action both plaintiff and the appellant Jose were made defendants. Both appeared by attorneys; plaintiff answering and contesting the action, and Jose making no answer or defense, whereupon, as to him, the judgment recites he was held "as in default and the complaint answered." Judgment was entered in this action to the effect:

"That payment cannot be enforced of the credit of $69,000, in which amount Andres and Jose Miguel Y Morrell declared that they were indebted towards Carolina Fernandez Y Morrell De Kohly as appears from deed No. 426, executed on the 13th of July, 1894, before the notary of Habana, Jose Miguel Nono, which was the basis of the executive suit prosecuted by that lady in this court against her brothers Andres and Jos Miguel Fernandez Y Morrell, likewise declaring void the public sales effected in said suit of the properties * * * sold under foreclosure in the said executive suit."

Upon the rendition of this judgment, the respondent set it up, in a supplemental answer, alleging:

"That the said judgment so rendered in said action against the plaintiff in this action as hereinabove set forth still remains in full force and effect, and is a bar to the maintenance of this action by the plaintiff, and that the matters alleged in the complaint herein by reason of said judgment have become and now are res adjudicata as between the parties in this action."

The plaintiff herein appealed from the foregoing judgment to the Audienca or Superior Court of Matanzas, which on August 14, 1905, in all things reversed said judgment. She thereupon served a reply setting up said judgment of reversal and alleging:

"That the said judgment of the Audienca or Superior Court of Matanzas was the judgment of a competent court and was rendered after the commencement of this action, and after the service of the pleadings herein and determines the matters in controversy herein or a part thereof."

Thereupon Andres appealed to the Supreme Court of the island of Cuba, the court of final appeal, which reversed the judgment of the Superior Court of Matanzas and in all things affirmed the judgment of the Court of First Instance of the city of Colon. Respondent thereupon, by a second supplemental answer, set up the judgment of this final court of appeal, again alleging that it constituted a bar to this action, and that by reason thereof the matters alleged in the complaint had become res adjudicata between the parties to this action. The record shows that the respondent took no part in the action either in the Court of First Instance or upon either of the appeals, except, as already stated, to appear by attorney in the Court of First Instance and default.

The sole question, as we regard it, is whether, as between the plaintiff and her brother Jose, the present respondent, the judgment in the declaratory action in the Court of First Instance is res adjudicata of the matters alleged in the complaint herein. The two appeals in the declaratory action may be disregarded, because their final result was to affirm the judgment of the Court of First Instance. The competency of the Cuban courts to entertain the declaratory action does not seem to be open to serious question. It was admitted in the action itself, and both parties to this action have pleaded and relied upon, one or the other of the judgments therein rendered. Of course, a judg-

ment, to be res adjudicata as to one of the parties, must be so as to both, and therefore, if the judgment in the Cuban court would have been conclusive upon respondent if it had established the validity of the mortgage, it is conclusive upon the appellant to establish its invalidity. The mortgage was clearly a joint obligation of the brothers who signed it. It may also have been several; but it was certainly joint, as was their obligation to pay under its terms. Hence any judgment that determined its invalidity as to one must of necessity equally determine its invalidity as to the other.

The fact that the respondent, after entering an appearance in the action, did not answer, but permitted judgment to go by default, did not affect the binding force of the judgment as to him. Bell v. Gittere (Super. Buff.) 9 N. Y. Supp. 400, affirmed 134 N. Y. 616, 32 N. E. 649. Nor does the fact that appellant and respondent were codefendants in the action in Cuba deprive the judgment of its conclusive force as between them. They were essentially adversary parties. A judgment in favor of, or against, Andres, the plaintiff in that action, would necessarily determine Jose's liability to his codefendants, for it is inconceivable that a joint obligation can be void as to one obligor, and valid as to the other. The plaintiff here might, of course, have a cause of action against one brother, and none against the other, but not upon the mortgage upon which alone she sues. As was said by the Court of Appeals in Craig v. Ward, 3 Abb. Prac. (N. S.) 235:

"The general rule is that all are bound by a judgment who had a right to be heard therein and all who are in privity with them, and that all who are bound by a judgment are entitled to the benefit of it against parties to it or their privies. * * * Greenleaf thus explains it: 'Under the term "parties" in this connection the law includes all who are directly interested in the subject-matter and had a right to make defense or to control the proceeding, and to appeal from the judgment.' * * * I do not find in the cases any such qualification of the rule that defendants are bound by a judgment to which they are parties as that this effect is not produced as between themselves. The rule is general and reciprocal. Its object is to produce that finis litium which the law so greatly desires, and with so much difficulty finds. The plaintiffs and the defendant, and each plaintiff and each defendant, and as between each plaintiff and each defendant, finds here an estoppel upon every question involved in the judgment. There is no such limitation as the defendants contend for, and a defendant can claim the advantage of the termination of the controversy against his codefendants in the same manner as against a plaintiff."

In Tuska v. O'Brien, 68 N. Y. 446, a judgment in favor of a plaintiff against two defendants respecting the right to a fund was held to be res adjudicata upon that question in a subsequent action between the codefendants.

Our conclusion is that the judgment of the Cuban court in the declaratory action, which was unquestionably conclusive as between Andres Fernandez and his sister, the plaintiff here, is equally conclusive as to the parties to this action, and, as that judgment determined that the mortgage upon which plaintiff sues here was invalid and unenforceable, it follows that it stands as a bar to a recovery herein.

The judgment appealed from must be affirmed, with costs. All concur.