## MARKHAM v. DUGGER.

No. 2006.    Opinion Filed June 25, 1912.

Rehearing Denied August 20, 1912.

(126 Pac. 190.)

**JUDGMENT**—Conclusiveness—Bar.   Dugger brought an action of eject-
ment against Markham and recovered the real estate involved.
This judgment became final without appeal.   Thereafter Markham
brought an action of ejectment against Dugger to recover the
same land, and raising the same issues, which might have been
adjudicated in the previous case.   **Held,** that the judgment in the
previous case was a bar to this proceeding.

(Syllabus by Ames, C.)

*Error from District Court, Mayes County;*
*T. L. Brown, Judge.*

Ejectment by Oscar Markham against Lee Dugger.   Judg-
ment for defendant, and plaintiff brings error.   Affirmed.

*William W. Gresham,* for plaintiff in error.

*James S. Davenport (James M. Gresham,* of counsel), for
defendant in error.

Opinion by AMES, C.   The plaintiff, Markham, is a Chero-
kee freedman.   In 1895 and 1896 he became indebted to one Clem
Hayden.   In 1900 Hayden recovered judgment against the plain-
tiff, and in July, 1906, execution was issued on this judgment
and levied on the land in controversy.   The land was sold to the
defendant.   On July 27, 1908, the defendant filed an action of
ejectment in the district court of Mayes county against the plain-
tiff, seeking to recover the land in controversy, and on January
5, 1909, recovered judgment against this plaintiff (the defend-
ant in that case), and thereafter, pursuant to said judgment, the
sheriff dispossessed this plaintiff.   Thereafter, on the 7th day
of May, 1909, this plaintiff commenced this action of ejectment
against this defendant, the plaintiff in that case, alleging that the
defendant's judgment in ejectment was void, because the land

in controversy was not subject to liability for the payment of the plaintiff's debts.

Conceding, without deciding, that this contention is true, it should have been asserted as a defense in the first ejectment case. It does not appear whether it was so asserted or not; but in either event that judgment between these same parties, in the same kind of an action, involving the same land, is *res judicata*. There is no dispute about the court having had jurisdiction of the persons of both parties. There is no dispute about the court having had jurisdiction of the subject-matter. In fact, the plaintiff in this case invokes the jurisdiction of the court to the same subject-matter; and it is so manitest that, if he has stated a cause of action against the defendant, he would have had a defense to the cause of action brought by the defendant against him in the other case that it is unnecessary to discuss the matter further.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.