## BAKER v. LEAVITT *et al.*

No. 5117.   ·Opinion Filed December 14, 1915.
(153 Pac. 1099.)

1. **JUDGMENT—Conclusiveness.** A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject-matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to issues which could or might have been litigated and determined therein.

2. **SAME—Scope of Proceeding.** The purpose of an action to quiet title, under section 6121, Comp. Laws 1909 (Rev. Laws 1910, sec. 4927), is to determine who is the real owner of the property and to put to rest all adverse claims. In such an action all matters affecting the title of the parties thereto may be litigated and determined, and the judgment rendered therein is final and conclusive as against the parties thereto and their privies.

3. **LIS PENDENS—Right Acquired by Purchaser—Pendency of Action.** One who purchases real property from a party to an action involving the title thereto, after the institution and during the pendency of such action, is bound by the judgment rendered therein against his grantor, and acquires no greater rights than his grantor.

(Syllabus by Dudley, C.)

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action by Earl Baker against J. H. Leavitt and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*Blakeney & Maxey* and *Gustave A. Erixon,* for plaintiff in error.

*Thos. H. Owen* and *Joseph C. Stone,* for defendants in error.

Opinion by DUDLEY, C. In January, 1913, the plaintiff in error, plaintiff below, commenced this action

in the district court of Wagoner county, against the defendants in error, defendants below, and Dr. Ballard, to quiet title to certain real estate located in said county, and to enjoin the defendant J. E. Long, as sheriff of said county, from ejecting him from said premises. The parties occupy the same position here that they did in the trial court, and we shall refer to them accordingly. Plaintiff dismissed the action as to Ballard. The defendants Leavitt and Long interposed separate demurrers to the amended petition, which were sustained. Plaintiff stood upon his amended petition and declined to plead further. Whereupon judgment was rendered against him, dismissing said action at his cost, from which he has appealed.

Ballard is a duly enrolled Creek freedman, and the land in controversy constitutes his surplus allotment. On October 22, 1907, he conveyed said land, by general warranty deed, to the defendant Leavitt. On January 27, 1908, he again conveyed said premises to the defendant Leavitt, by quitclaim deed. Both deeds were duly recorded. On July 27, 1908, Ballard also conveyed said land, by general warranty deed, to one Maggie Baker. This deed was recorded. Following this he executed five different deeds to her, conveying said land, all of which were recorded. In addition to the foregoing deeds, he made numerous deeds to other parties covering said land, subsequent to the date of the first deed to Leavitt.

In May, 1910, Ballard, through his guardian and next friend, commenced an action in said court against the defendant Leavitt, and the said Maggie Baker and others, to quit title to said premises, on the ground that

he was a minor at the time he executed the various deeds under which they claimed.  Personal service of summons was had upon Leavitt and Maggie Baker, and they both answered by general denial.  Later, however, Leavitt filed an answer and cross-petition, setting up his deeds and claiming title thereunder, alleging that Ballard was of age at the time he executed them.  Issues were joined, and on October 18, 1911, said cause was tried, resulting in a judgment in favor of the defendant Leavitt, decreeing that he was the owner of said land, under said deeds, and quieting and confirming his title to the same, as against all parties to said action, canceling the various deeds of the said Maggie Baker, including the deed of July 27, 1908, and enjoining the parties to said action, and all persons claiming by, through, or under them, or either of them, since the commencement of said action, from claiming or asserting any right, title, interest, lien, or estate in and to said lands, or any part thereof.  It was also ordered and decreed in said judgment that all persons in possession of said premises vacate the same and surrender the possession thereof to the defendant Leavitt within ten days from the date of the rendition of said judgment.  There was no appeal from this judgment.  Maggie Baker did not appear either in person or by counsel upon the trial of said cause, and the court adjudged her in default, without cause.  After the institution of this action, and during the pendency thereof, she conveyed said land to the plaintiff, Earl Baker, and this deed is the basis of his title.  Copies of the pleadings and the judgment in the original action are attached to and made a part of plaintiff's amended petition in the case at bar.  The trial court sustained the demurrers to

plaintiff's amended petition, on the theory that he was precluded by the original judgment. -

The only question presented is whether or not the amended petition states a cause of action, as against a general demurrer. In determining this question, two propositions present themselves: (1) Was the original judgment conclusive as between the defendant Leavitt and the said Maggie Baker? (2) If so, is the same conclusive upon the plaintiff; he having purchased said real estate from her during the pendency of said action?

The rule is well settled in this state that a final judgment of a court of competent jurisdiction is conclusive between the parties, and their privies, in a subsequent action involving the same subject-matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to issues which could or might have been litigated and determined therein. *City of El Reno et al. v. Cleveland-Trinidad Paving Co.*, 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650; *Woodworth, County Clerk, v. Town of Hennessey*, 32 Okla. 267, 122 Pac. 224; *Markham v. Dugger*, 34 Okla. 492, 126 Pac. 190; *Gosnell v. Prince*, 36 Okla. 445, 129 Pac. 27; *Engle et al. v. Legg*, 39 Okla. 475, 135 Pac. 1058; *Pioneer Telephone & Telegraph Co. v. State*, 40 Okla. 417, 138 Pac. 1033; *Wiley v. Edmondson*, 43 Okla. 1, 133 Pac. 38; *Alfrey v. Colbert et al.*, 44 Okla. 246, 144 Pac. 179; *Bowen v. Carter et al.*, 42 Okla. 565, 144 Pac. 170; *Prince v. Gosnell*, 47 Okla. 570, 149 Pac. 1162; *Earl v. Earl et al.*, 48 Okla. 442, 149 Pac. 1179; *Corrugated Culvert Co. v. Simpson Township*, 51 Okla. 178, 151 Pac. 854; *Parks v. Haynes*, 52 Okla. 63, 152 Pac. 400.

The original action was brought under section 6121. Comp. Laws 1909 (Rev. Laws 1910, sec. 4927), which provides

"An action may be brought by any person in possession, by himself or tenant, of real property, against any person who claims an estate, or interest therein, adverse to him, for the purpose of determining such adverse estate or interest."

Measured by the foregoing rule, is the original judgment in the action to quiet title conclusive as between the defendant Leavitt and Maggie Baker? We think so. The purpose of an action to quiet title is to litigate and put to rest all adverse claims and determine who is the real owner of the property. In such an action, plaintiff challenges the defendants to appear and assert their interest, right, or title, and if they fail to do so, or if their attempt is unsuccessful, the judgment concludes them from ever litigating that question. The defendant Leavitt filed a cross-petition setting up his deeds, claiming title under them. Maggie Baker claimed title from the same source, and it was her duty to assert her title. *Green v. Glynn et al.*, 71 Ind. 336. In Black on Judgments, vol. 2 (2d Ed.) sec. 664, it is said:

"In an action to quiet title, all matters affecting the title of the parties to the action may be litigated and determined, and the judgment therein is final and conclusive."

In 23 Cyc. p. 1336, discussing this question, the following rule is announced:

"In this form of action all matters affecting the title of the parties to the action may be litigated and determined, and the judgment is final and conclusive and cuts off all claims or defenses of the losing party, going

to show title in himself, from whatever source derived, and which existed at the time of the suit, whether pleaded therein or not."

Numerous cases are cited, both by Black and Cyc., supporting this rule. Maggie Baker could have asserted her title in the original action. She failed to do so, and permitted a judgment to be rendered against her canceling the deeds—the source of her title—and enjoining her from claiming or asserting any right or title to the property in controversy, quieting the title in her codefendant, upon his answer and cross-petition. This judgment was conclusive, as between her and Leavitt. *Gosnell v. Prince, supra; Prince v. Gosnell, supra; Engle et al. v. Legg, supra; Markham v. Dugger, supra; Board of County Commissioners v. Welch et al.*, 40 Kan. 767, 20 Pac. 483; *Keller et al. v. McGilliard et al.*, 5 Cal. App. 395, 90 Pac. 483; *Remilliard v. Authier*, 20 S. D. 290, 105 N. W. 626, 4 L. R. A. (N. S.) 295, and note; *Hackworth v. Zollars*, 30 Iowa, 433; *Wheeler v. Ballard et al.*, 91 Kan. 354, 137 Pac. 789.

Having reached the conclusion that the judgment is conclusive upon Maggie Baker, is the same conclusive upon the plaintiff, who purchased the real estaate from her after the institution and during the pendency of the action? We think so. By this deed he succeeded to whatever rights she had in the subject-matter of the action; in other words, he is a privy to said judgment. One who purchases real property from a party to an action involving the title thereto, after the institution and during the pendency of such action, is bound by the judgment rendered therein against his grantor, and acquires no greater rights than his grantor. 23 Cyc. pp. 1253 and 1257; *Provident Loan Trust Co. v. Marks*, 6 Kan. App. 34, 49 Pac. 625; *Hungate v. Hetzer et al.*,

83 Kan. 265, 111 Pac. 183; *Shephard v. Lumber Co.,* 16 Idaho, 293, 101 Pac. 591; *Smith v. Kessler et al.,* 22 Idaho, 589, 127 Pac. 172; *Telford v. Pennsylvania Iron & Steel Co.* (Minn.) 153 N. W. 758; *Skelton v. Sharp,* 161 Ind. 383, 67 N. E. 535; *Bell et al. v. Peterson,* 105 Wis. 607, 81 N. W. 279; *Hisle v. Witherspoon* (Ky.) 42 S. W. 842; *Henry v. Thomas et al.* (Tex. Civ. App.) 74 S. W. 599; *Kohly v. Fernandez,* 133 App. Div. 723, 118 N. Y. Supp. 163; *Carnes v. Carnes,* 26 Tex. Civ. App. 610, 64 S. W. 877; *Devin v. City of Ottumwa,* 53 Iowa, 461, 5 N. W. 552.

The justice of this rule is apparent from the facts of this case. It is the policy of the law that there should be an end to litigation. But if a party to an action involving the title to real estate can convey the same during the litigation, and the grantee, after judgment has been rendered against his grantor, is permitted to again litigate the title in a separate action, there would be no end to litigation. One who buys property the subject of litigation does so at his peril, and is precluded by the judgment rendered against his grantor.

Section 4732, Rev. Laws 1910, known as the *Lis Pendens* Statute, was enacted for the express purpose of preventing one from buying real property during the pendency of an action involving the title to the same. This section is applicable to the case at bar. The plaintiff was concluded by the judgment in the original action. His grantor conveyed him nothing by her deed, because she had nothing to convey.

The amended petition does not state a cause of action, and the judgment of the trial court should be affirmed.

By the Court: It is so ordered.