### DANIEL v. HILL.

No. 14796—Opinion Filed March 3, 1925.

**1. Lis Pendens—When Action Pending—Notice.**

Section 260, Comp. Stat. 1921, provides when the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending, no interest can be acquired, by third persons, in the subject-matter thereof as against the plaintiff's title.

**2. Same—Purchase of Land from Guardian Pending Suit by Ward.**

D. filed her action against her guardian, H., for an accounting, and to impress with a trust certain property purchased by H. with the money of D. Judgment was rendered in favor of D. During the pendency of the action J. purchased a portion of the land sought to be impressed with the trust, from H., and after final judgment in favor of D., J. moves to intervene and prays a modification of the judgment. Held, J., having notice of the pendency of the suit at the time he purchased the property, can acquire no greater right or title than that of his grantor and is estopped, after final judgment rendered against his grantor and in favor of plaintiff, from intervening for the purpose of pleading and modifying the judgment rendered by excluding the property so purchased by intervener from the judgment.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by Martha Daniel against Richard J. Hill et al.; W. L. Jones, intervener. Judgment for intervener, and plaintiff appeals. Reversed and remanded, with directions.

I. H. Spears, L. T. Taylot, and George W. Carry, for plaintiff in error.

Elisha Scott (Breckenridge, Bostick & Daniel, of counsel), for intervener, W. L. Jones.

Opinion by RUTH, C. In this opinion Martha Daniel will be called plaintiff and W. L. Jones will be called intervener.

Plaintiff's petition alleges she is a Creek freedman and as such had allotted to her certain lands as a homestead. That in 1910 Richard J. Hill was appointed guardian of the person and estate of plaintiff, that plaintiff reached her majority on December 17, 1919. That on December 18, 1919, and before filing his final report as guardian, Hill caused plaintiff to convey all her property to Francis P. Hill, wife of the guardian; that there was no consideration for the conveyance, and Hill was the uncle of plaintiff and plaintiff reposed confidence in her guardian and did all things with respect to her property, upon the advice and direction of her guardian, who had great influence over her, and the guardian induced her to sign the deed for the purpose of cheating and defrauding plaintiff; that the guardian had during his guardianship executed divers leases of the land and had received large sums of money as rents, bonuses, and royalties, aggregating $100,000, as she verily believes; that the guardian converted the moneys so received to his own use and purchased certain real estate in Tulsa with plaintiffs' money, and took title thereto in his own name, and the rents of

such property amount to $500 per month. The north 25 feet of lot one (1) block forty-six (46), Skidmore addition to the city of Tulsa, was a portion of the property purchased by the guardian with the plaintiff's money.

Plaintiff prays accounting and that the property so purchased by the guardian be impressed with a trust, and that plaintiff be declared to be the owner of lots 16-17-18-20-21-22 in block 3, and lots 1-2-3-4-5 in block 4, Skidmore addition to the city of Tulsa, and the N. 25 feet of lot one (1) in block 46 in Tulsa, Okla.

The original petition was filed July 29, 1922. and the amended petition was filed October 19, 1922. On March 7, 1923, a stipulation was filed wherein it was agreed that plaintiff have judgment against Richard J. Hill and Francis P. Hill, adjudging plaintiff to be the owner of lots 16-17-21 and 22, block 3, and lots 1-2-3-4 and 5, block 4, Skidmore addition, and the north 25 feet of lot 1 of block 46 of the original town, now city of Tulsa, and journal entry of judgment in conformity with the terms of the stipulation was duly filed of record on March 7, 1923, which judgment was rendered by Holt, Judge.

On March 30. 1923, intervener W. L. Jones filed his motion to modify or vacate the judgment rendered on March 7, 1923, and that he be permitted to plead and be made a party defendant.

Intervener alleges he is the owner of "that part of the N. 25 ft. of lot 1, in block 46 that lies east of the Sand Springs Railway Company right of way in original town, now city of Tulsa." That he purchased the same from Richard J. Hill and Francis P. Hill, and that he was induced to purchase the land by reason of the false and misleading statements of Richard J. Hill, to wit: That the Hills were involved in litigation over certain property alleged to have been purchased by Hill with his ward's (plaintiff's) money, but that this particular piece of property was not involved, but intervener subsequently learned a receiver had been appointed for all the property mentioned in plaintiff's petition including the land purchased by intervener. Intervener attaches copy of his deed from the Hills to Jones and makes it a part of his motion.

Plaintiff filed her motion to strike the intervener's motion from the files, which was by the court overruled, and plaintiff excepted. Intervener presented his motion and

introduced testimony, whereupon the court (Edwin R. McNeill, Judge) modified the judgment of March 7, 1923, entered on stipulation of plaintiff and the Hills by vacating that portion of the judgment affecting and pertaining to "that part of the north 25 ft. of lot 1 in block 46 that lies east of the Sand Springs Railway Co., right of way in the original town, now the city of Tulsa, Oklahoma."

To the action of the court in so modifying the judgment the plaintiff excepted and regularly brings this cause here for review.

Upon hearing had upon the plaintiff's motion to strike, and the intervener's motion to modify the judgment, oral testimony was introduced, and the intervener testified he purchased the property from the Hills after the suit filed by plaintiff against the defendants seeking to impress the property with a trust and declaring plaintiff to be the owner thereof. The record discloses the suit was filed July 29, 1922, and the deed from Hill to Jones bears date as of November 28, 1922. Jones admits he had notice of the pendency of the suit at the time he purchased the property, and the record discloses intervener requiring the Hills to execute an "indemnity" bond running to intervener, securing him against possible loss in the event this particular piece of property was awarded to plaintiff. Intervener alleges Hill told him the property he was purchasing was not involved, and intervener relied on the statement of Hill. The record further discloses that a receiver had been appointed for all of Hill's property prior to the purchase of a portion thereof by intervenor, and this fact was known to him and his attorney, and when Hill was questioned about the matter, Hill replied that he, Hill, "would take care of the matter and that Jones (intervener) need not have any uneasiness about it, and just be quiet." Intervener further testified he had transferred the property by warranty deed to his wife and had no interest in the land at the time he was attempting to have the judgment of March 7, 1923, modified.

It further appears from the record that after judgment rendered on March 7th plaintiff took possession of the premises purchased by intervener, and was in possession thereof at the time of filing the plea of intervention and motion to modify judgment.

With actual notice of the pendency of the action, intervener attempted to acquire an interest in the property.

Section 260, Comp. Stat. 1921, provides:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending, no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title."

In McWhorter v. Brady et al., 41 Okla. 383, 140 Pac. 782, this court said:

"The doctrine of lis' pendens, under the common law, was based upon the theory of public policy, while, under our statute, it appears to be treated as an element of the law of notice."

Notwithstanding the filing of the petition of plaintiff was at least constructive notice, intervener testifies he had actual notice of the pendency of the action, but relied upon Hill's statement that this particular piece of land was not involved, while an examination of the petition would have disclosed to him that the identical property he was attempting to purchase was accurately described, and was a portion of the lands sought to be impressed with a trust in favor of the plaintiff, and intervener cannot be heard to say he had no notice of what lands were involved. The intervener's position is untenable, and inconsistent upon other grounds. He claims he relied implicitly upon the statement of Hill, but the record discloses that he did not rely upon the statement of Hill, but took the precaution of requiring Hill to execute an indemnifying bond against possible loss, in the event the court awarded this identical property to plaintiff.

In Baker v. Leavitt, 54 Okla. 70, 153 Pac. 1099, this court said:

"Section 4732, Rev. Laws 1910 (206, Comp. Stat. 1921) known as the lis pendens statute, was enacted for the express purpose of preventing one from buying real property during the pendency of an action involving the title to the same."

Coblentz v. Cochran, 44 Okla. 158, 143 Pac. 658:

"Plaintiff in error's deed was obtained June 23, 1909. Suit was pending against the land, in question, and an order of sale under execution had already issued. On August 31st defendant in error purchased the tract in question at sheriff's sale and received a sheriff deed issued pursuant to said order of sale. Held, the sheriff's deed issued to defendant in error was superior and paramount to grantor's deed issued to plaintiff in error while suit was pending."

Guaranty State Bank, of Okmulgee v. Pratt et al., 72 Okla. 244, 180 Pac. 376:

"Held, the theory of lis pendens, is to keep the subject-matter of the controversy within the power of the court until the final judgment, when rendered, may be effective. A party to the litigation cannot transfer the property in issue so as to prejudice the rights of the plaintiff therein."

See, also, Green et al. v. Rick, 2 L. R. A. 48, and cases cited in note; St. John v. Strauss et al., 60 Kan. 136, 55 Pac. 845.

To the same effect are Shufeldt et al. v. Jefcoat et al., 50 Okla. 790, 151 Pac. 595; Stuart et al. v. Coleman et al., 78 Okla. 81, 188 Pac. 1063; Henderson et al. v. Mainard et al., 84 Okla. 244, 200 Pac. 441.

In Baker v. Leavitt et al., supra, this court further said:

"One who purchases real property from a party to an action involving the title thereto, after the institution and during the pendency of such action, is bound by the judgment rendered therein against his grantor, and acquires no greater rights than his grantor. 23 Cyc. pp. 1253—1257."

See Provident Loan and Trust Co. v. Marks, 6 Kan. App. 34, 49 Pac. 625; Hungate v. Hetzer et al., 83 Kan. 265, 111 Pac. 183; Shephard v. Lumber Co., 16 Idaho, 293, 101 Pac. 591; Smith v. Kessler et al., 22 Idaho. 589, 127 Pac. 172; Telford v. Penn. Iron & Steel Company (Minn.) 153 N. W. 758; Skelton v. Sharp, 161 Ind. 283, 67 N. E. 535; Bell et al. v. Peterson, 105 Wis. 607, 81 N. W. 279; Hisle v. Witherspoon (Ky.) 42 S. W. 842; Henry v. Thomas et al. (Tex. Civ. App.) 74 S. W. 599; Kohly v. Fernandez, 133 App. Div. 723, 118 N. Y. Supp. 463; Carnes v. Carnes, 26 Tex. Civ. App. 610, 64 S. W. 877; Devin v. City of Attumwa, 53 Iowa, 461, 5 N. W. 552.

We think the rule announced in the cases herein is a salutary one, and should not be deviated from. The justice of this rule is apparent from the facts in this case. A departure from this rule would result in interminable litigation. There would be no impediment in the way of C. I. Jones, to whom intervener conveyed this land, coming into court after judgment rendered and praying for a vacation of the judgment, claiming that she was the real party in interest, and then by a succession of conveyances, this cause could be litigated ad infinitum, and to avoid such a possibility the statute of lis pendens was adopted, and the construction placed thereon by the courts of this state and sister states should be sustained.

Another question presents itself in this case, but having arrived at a conclusion

upon other grounds, it is unnecessary to set it forth at length. The record discloses that intervener transferred the property involved herein to C. I. Jones. That this conveyance was made on February 5, 1923, more than 30 days prior to the filing of the motion or plea of intervention. The record shows that at the time intervener was prosecuting his motion, he had no interest in the property and was not the real party in interest.

It is the policy of the law that there should be an end to litigation, and the intervener having notice of the pendency of the original action; that land purchased by him being accurately described in plaintiff's petition, and he having taken an indemnifying bond from Hill, to indemnify him against loss in the event this property was by the court decreed to be the property of the plaintiff, the intervener is precluded and estopped from interpleading and moving to modify the judgment of March 7th, and it was manifest error in the trial court to modify the judgment by excluding therefrom the lands claimed by intervener.

For the reasons herein stated, the judgment of the court below should be reversed and the cause remanded with instructions to the trial court to overrule the motion to modify the judgment of March 7th, and to sustain the motion of plaintiff to strike the intervener's motion from the files and to reinstate the judgment rendered on March 7, 1923, and that all costs accruing after March 7, 1923, be taxed against the intervener.

By the Court: It is so ordered.