## In re BIGHORSE'S ESTATE.
## BRADSHAW et al. v. BARNEY et al.

No. 25129.    June 4, 1935.

Robert Stuart and H. P. White, for plaintiffs in error.

Ralph A. Barney, guardian ad litem, John L. Arrington, executor, and Louis N. Stivers, Osage Tribal Atty., for defendants in error.

PER CURIAM.    Odell DeNoya Bighorse, deceased, was a member of the Osage Tribe of Indians of less than one-half Indian blood, and had been issued a certificate of competency. She died testate on January 14, 1928, leaving surviving her three children and a husband. Thereafter John L. Arrington was appointed executor of her last will and testament by the county court of Osage county. Paragraph 2 of the will of Odell DeNoya Bighorse provides:

"I direct the payment out of my estate of all loans made for my benefit by my mother, Mrs. Zoah Bradshaw."

Thereafter a claim was filed in the probate proceedings by Mrs. Zoah Bradshaw in the amount of $4,258.29 on account of loans made or sums advanced for the benefit of

Odell DeNoya Bighorse, and a claim was filed in the same proceeding by the American National Bank of Pawhuska in the amount of $935.25 on account of loans made for the benefit of the deceased. Mrs. Bradshaw was a joint maker on the notes covered by the bank's claim, except one note for $85. These claims were allowed by the county court as preferred claims. Thereafter the executor filed in the county court his petition asking, among other things, for the construction of the above-quoted paragraph from the will of the deceased. Protests were filed in the cause by certain creditors of the deceased and a hearing was had thereon, at which hearing Mrs. Bradshaw was present in person and by attorney. The court held that the above-quoted paragraph of the will did not create a preference under the law and statutes of Oklahoma, and was ineffectual and void in so far as it attempted to prefer the claim of Mrs. Zoah Bradshaw over the claims of other general creditors of the estate.

An appeal was taken from the county court of Osage county to the district court of Osage county by the executor. In due course the appeal was heard by the district court, and Mrs. Bradshaw was represented by her attorney, and the district court affirmed the judgment of the county court. No appeal was taken from this judgment of the district court.

While the foregoing proceedings were pending, a petition was filed in the county court by the guardian of the children of the deceased to have the estate of the deceased declared an insolvent estate, it being alleged that claims against the decedent had been filed with the executor in the approximate amount of $45,000, and that, at the time of her death, the decedent's funds amounted to only approximately $3,000. All creditors, including the plaintiffs in error, were notified of the hearing on this petition to be held in the county court. At the hearing Mrs. Bradshaw was present by attorney, but the American National Bank of Pawhuska was not represented. The county court held that the statute relative to summary administration had no application to the case, and that the income from deceased's Osage headright should be received by the executor and applied to the payment of the claims filed against the estate until all allowed claims were paid in full. The guardian of the children of the decedent appealed from this order of the county court to the district court, and the

district court affirmed the judgment of the county court. The guardian and guardian ad litem appealed to this court, and on December 13, 1932, this court reversed the judgment of the district court, and held that the income accruing to the headright of an Osage allottee subsequent to the death of the allottee is not an asset of the deceased which can be appropriated for the payment of claims of creditors. DeNoya v. Arrington, 163 Okla. 44, 20 P. (2d) 563.

Thereafter the executor filed his final report and petition for distribution of the estate. Plaintiffs in error appeared in the county court and objected to the closing of the estate, contending that they were devisees or legatees under the will, rather than general creditors.

From the judgment of the county court approving the executor's final account and determining heirs and overruling the objections of plaintiffs in error to the closing of the estate and the distribution of the balance in the hands of the executor, plaintiffs in error appealed to the district court. the district court affirmed the judgment of the county court, and plaintiffs in error appeal to this court.

1. Plaintiffs in error now contend that Odell DeNoya Bighorse, by the provision of the will quoted above, conveyed to plaintiffs in error her headright, or income derived therefrom, equal in value to the amount of the indebtedness in the way of loans for her benefit which she directed to be paid, and that they are entitled to receive the full amount of their claims as devisees or legatees under the will.

Plaintiffs in error originally filed their claims in the county court as creditors, claiming that the above-quoted provision of the will created a preference. They were parties to all of the proceedings had in the county court of Osage county and the district court of Osage county, and while they filed no briefs in this court, were parties, at least in so far as Mrs. Bradshaw is concerned, in the previous appeal to this court, in which case the will of Odell DeNoya Bighorse was considered, and in which case this court held that the income accruing to the headright of a deceased Osage allottee subsequent to the death of such allottee is not an asset of the estate of said decedent which can be appropriated to the payment of the claims of creditors. DeNoya v. Arrington, 163 Okla. 44, 20 P. (2d) 563.

The contention now advanced by plain-

tiffs in error might have been advanced in the previous litigation. The subject-matter of the case is the same as it was in the previous litigation; the parties were the same and a judgment was rendered in that case on the merits.

It is a well-settled principle of law that such a judgment concludes the parties and their privies, not only as to the things determined, but as to matters which might have been litigated. Baker v. Leavitt, 54 Okla. 70, 153 P. 1099; Hare Mining & Milling Co. v. Keys, 120 Okla. 217, 251 P. 77; Amer. Bank & Trust Co. v. Frensley, 167 Okla. 533, 30 P. (2d) 883.

We are, therefore, of the opinion that, under the authorities cited above, the present contention of the plaintiffs in error has become res adjudicata.

Furthermore, even were the matter not res adjudicata, we are of the opinion that there is no merit in the contention of the plaintiffs in error.

The above-quoted provision of the will of Odell DeNoya Bighorse does not, in our judgment, constitute a devise of her headright, or a bequest of the income accruing therefrom after her death to the plaintiffs in error.

The fourth paragraph of the will of Odell DeNoya Bighorse reads as follows:

"I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed property, including my headrights and inherited rights in the Osage Tribe of Indians of which I may die seized to my children, Cecelia Laverne DeNoya, Mary Othella DeNoya and Wesley DeNoya, Jr., to share and share equally therein."

The specific devise of decedent's headright to her children negatives the contention of plaintiffs in error that testatrix intended in the second paragraph of her will to devise her headright to plaintiffs in error or to bequeath to plaintiffs in error the income accruing therefrom subsequent to the death of testatrix.

The judgment of the court below is affirmed.

The Supreme Court acknowledges the aid of Attorneys B. A. Ames, Leo Considine, and Frank G. Anderson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was pre-

pared by Mr. Ames and approved by Mr. Considine and Mr. Anderson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.