PENNINGTON and another *v.* HUNT.

*(Circuit Court, D. New Jersey. April 5, 1884.)*

PATENT LAW—RIGHTS OF ASSIGNEE CONCLUDED BY DECREE AGAINST ASSIGNOR.
 Assignee of a patent is subject to the limitations which affected the title of his assignor. If the latter is estopped by a decree the former is.

On Plea, etc.

*F. H. Angier,* for complainants.

*Carrol D. Wright* and *A. E. Dennison,* (of counsel,) for defendants.

NIXON, J. This case is now before the court on the defendants' plea in bar to the bill of complaint. These defendants filed their bill in the circuit court of the United States for the district of Massachusetts, on the fifth of December, 1879, against one Charles W. King, of Boston, for the infringement of letters patent No. 203,069, bearing date April 30, 1878, and issued to the said Beggs and Aaron S. Pennington, assignee of the other complainant. The defendants answered the bill, denying the infringement, and setting up, among other things, that the complainant's patent was void, being anticipated by letters patent numbered 148,596, dated March 17, 1874, and granted to one Nathaniel D. Clark for garden or lawn sprinklers. The proofs were duly taken, and the case went to hearing, and on May 26, 1881, the court decided that the defendant had infringed, and that the complainant's letters patent were valid as against the older patent of Clark. On June 16, 1881, Clark assigned his patent to King, and on May 29, 1882, King assigned it to the complainant in this suit, Harry Hunt, who filed his bill in this court against the said Pennington and Beggs, complaining of infringement of the Clark patent in their use of their own patent. The defendants plead the decree in the above suit against King as a bar to the present action. The complainant was not a party to the former suit, and he is not estopped by the result of that controversy, unless he is in privity with some one who was a party. The evidence shows that after the interlocutory, but before the final decree, the defendant King purchased the Clark patent of the patentee. After the final decree was entered against King, to-wit, May 29, 1882, instead of taking an appeal, he acquiesced in the decision, and assigned his interest in the Clark patent, which had been decreed not to anticipate the Pennington and Beggs invention, to the said Hunt, who has filed this bill to have a readjudication of the question that was decided by Judge LOWELL in the other suit.

The counsel for the complainant insists that the plea is bad because Clark has never had his day in court, or an opportunity to defend or sustain his patent. There would be force in the suggestion if he had retained the ownership of the patent, and was the complainant in the

present suit. But he sold the patent to King, the defendant in the former action, *pendente lite*, who kept it until after the termination of the litigation, and then transferred the title to Hunt, who was his principal witness in the suit, and had at least sufficient knowledge of the controversy to put him upon inquiry. Hunt's title, then, is subject to the limitations which affected the title of his assignor, King. If the latter is estopped by the decree, the former is. Greenleaf, in his first volume of the Law of Evidence, § 523, says:

"But to give full effect to the principle by which parties are held bound by a judgment, all persons who are represented by the parties and claim under them, or in privity with them, are equally concluded by the same proceedings. We have already seen that the term 'privity' denotes mutual or successive relationship to the same rights of property. The ground, therefore, upon which persons standing in this relation to the litigating party are bound by the proceedings to which he was a party, is that they are identified with him in interest, and wherever this identity is found to exist, all are alike concluded."

The complainant stands before the court as King would have stood if he had commenced the action.

We think the plea in bar must be sustained; and it is so ordered.