M. O. MAUL, ADMINISTRATOR, APPELLEE, V. MARIA HELLMAN, ADMINISTRATRIX, APPELLANT.

FILED FEBRUARY 8, 1894.   No. 5086.

1. **Judicial Sales:** SALE BY ADMINISTRATOR OF REAL ESTATE OF DECEDENT. A sale of real estate of an intestate made by his administrator in pursuance of an order of the district court is a judicial sale.

2. ———: ———: POWER OF COURT TO COMPEL PURCHASER TO PERFORM HIS BID. A person by becoming a purchaser of property sold at a judicial sale becomes a party to the proceed-

ing under which such sale is made, and may be compelled by the court in which the proceeding is pending to complete his purchase.

3. ———: ———: ———: CAVEAT EMPTOR.   Appellant was the highest bidder for real estate sold by an administrator under a license of the district court therefor.  His bid was accepted, the sale duly reported to the court and by it confirmed.  After personal notice given appellant of the time and place when the hearing of the application for such confirmation would be heard, appellant made no appearance or objection to the proceedings to confirm, and afterwards refused to comply with his bid unless the administrator would apply the proceeds of the sale to the discharge of the incumbrances against the real estate, alleging an agreement with the administrator to that effect.  *Held*, (1) That as the order of the court under which the sale was made expressly provided that the real estate should be sold subject to the incumbrances thereon, this order was a matter of public record, and of itself notice to appellant of the administrator's authority in the premises; (2) that under the laws of the state the administrator could only sell the interest his intestate had in the real estate at the date of his death.  This law appellant was conclusively presumed to know, and having permitted the sale to be confirmed without objection, he could not then be heard to allege, as a reason why he should be released from his bid, an agreement with the administrator to misapply the proceeds of the sale in violation of law.

APPEAL from the district court of Douglas county. Heard below before WAKELEY, J.

The opinion contains a statement of the case.

*Brome, Andrews & Sheean,* for appellant:

The rule that a purchaser may, by order, be compelled to comply with the terms of his bid applies only to proceedings involving the general equity jurisdiction, and do not apply to an administrator's sale. (Rorer, Judicial Sales, sec. 161.)

The court ought not, upon the facts proved, to have made the order, even had it the power.  The rule *caveat emptor* has no application until after the sale is closed by delivery

of deed and payment of purchase money. (*Ormsby v. Perry*, 6 Bush [Ky.], 553; *Graham v. Bleakie*, 2 Daly [N. Y.], 55.)

*Cowin & McHugh* and *Henry E. Maxwell*, contra:

A sale by an administrator under an order of the court, of lands of a decedent, is a judicial sale. The district court had jurisdiction to make and enforce the order appealed from. (Rorer, Judicial Sales, sec. 148; Comp. Stats. Neb., ch. 23, secs. 67–122; *Halleck v. Guy*, 9 Cal., 181, 195; *Vandever v. Baker*, 13 Pa. St., 121, 126; *Grignon's Lessee v. Astor*, 2 How. [U. S.], 319; *Jones v. Read*, 1 La. Ann., 200; *Lynch v. Baxter*, 4 Tex., 437; *Worthington, Adm'r, v. McRoberts*, 9 Ala., 300; *Phillips v. Dawley*, 1 Neb., 320, 321.)

A purchaser at a judicial sale may be attached or committed as for contempt for a disobedience of an order to pay into court the purchase money. (*Lansdown v. Elderton*, 14 Ves. [Eng.], 512; *Goodwin v. Simonson*, 74 N. Y., 133; *Brasher v. Cortland*, 2 Johns. Ch. [N. Y.], 505; *Coulter v. Herrod*, 27 Miss., 685; *Seaman v. Hicks*, 8 Paige Ch. [N. Y.], 655; *Phillips v. Dawley*, 1 Neb., 320; Rorer, Judicial Sales, sec. 149.)

The order was properly made on the facts proved. The order of the court directing sale subject to the incumbrances was in conformity to the statute, and appellant was chargeable with notice by the terms of the order, and the requirements of the statute. (Comp. Stats. Neb., ch. 23, sec. 99.)

RAGAN, C.

On the 12th day of May, 1890, M. O. Maul, administrator of the estate of A. B. Snowden, sold at public auction the east one hundred feet of lot 2, Bartlett's addition to the city of Omaha, having first obtained a license to make such sale from the district court of Douglas county. Meyer Hellman was present at such sale and the highest

bidder for the real estate offered.   His bid was accepted
and duly reported to the court.   After personal notice to
Hellman of the time and place when the motion to confirm
said sale would be heard, it was duly confirmed by the
court.   Hellman refused to comply with his bid and pay
the purchase money unless the administrator would deduct
from the proceeds of the sale the amount of certain liens on
the property which Hellman claimed that the adminis-
trator had agreed to do, and that he made his bid with
that understanding.   The administrator applied to the dis-
trict court for an order to compel Hellman to comply with
his bid.   The court referred the matter to a referee to take
evidence and report the facts and law to the court.   The
referee found that the incumbrances complained of were
liens on the property at the death of Snowden ; that the
sale was regular, and fairly conducted by the administrator;
that no fraudulent or misleading representations were made
by the administrator or by any other person on his behalf
to Hellman concerning the incumbrances, but that before the
sale Hellman had actual notice of the incumbrances against
the property; and the referee found and reported that the
motion of the administrator to compel Hellman to comply
with his bid should be sustained.   Hellman filed excep-
tions to this report, which exceptions were heard by the
court, and the report of the referee sustained, and an order
made by the district court that Hellman should comply with
his bid.   From this order Hellman prosecutes an appeal
to this court.   His counsel allege two reasons why this
order should be vacated :.  First, that the court had no
power or jurisdiction to make this order; and second, that
the order ought not to be made under the evidence in the
case.

    Whether the district court had jurisdiction to make the
order appealed from depends upon whether the sale made
by the administrator under the license granted by the court
was a judicial sale.   What is a judicial sale?   "All sales

made by order or decree under direction of the court and requiring confirmation by the court are judicial sales." (Rorer, Judicial Sales [2d ed.], sec. 29; *Chew v. Hyman*, 7 Fed. Rep., 7.)

The law of this state governing the sales of the real estate of intestates by administrators is found in chapter 23, Compiled Statutes, 1893. By section 67 of this act an administrator can only sell the real estate of his intestate when the personal estate is insufficient to pay the debts and charges of administration of the estate of the intestate.

By section 68 the administrator, in order to obtain a license for the sale of real estate of his intestate, must present a petition to the district court of the county in which he was appointed. In this petition he must set forth the amount of the personal estate that has come into his hands; how much of such personal estate remains undisposed of; the debts outstanding against the estate of the intestate; a description of all the real estate of which the intestate died seized, and the condition and value of such real estate; and this petition must be verified by the oath of the administrator.

By section 69 the district court is authorized, if it appears from an inspection of the petition that there is not sufficient personal estate in the hands of the administrator to pay the debts of the intestate and the expenses of administration, to make an order directing all persons interested in the estate to appear, at a time and place in such order specified, and show cause why license should not be granted to the administrator as prayed in the petition.

Section 70 requires that a copy of such order to show cause shall be personally served on all persons interested in the estate at least fourteen days before the time appointed for the hearing on the petition, or that such order shall be published four weeks in such newspaper as the district court shall direct in the order.

Section 72 provides that at the time and place appointed

in, said order for a hearing on said petition the court, after finding, upon proof made, that the service of the order has been made as directed upon the parties interested in the estate, shall hear and examine the allegations of the petition, hear such proofs as may be offered by the administrator, and by any and all persons interested in the estate who may desire to and do oppose the granting of the license prayed for.

. Section 73 provides that the administrator may be examined on oath; that witnesses may be produced and examined by either party to the proceeding, and that the court may issue process to compel the attendance of witnesses and the taking of testimony, as in other cases.

Section 79 provides that if the court shall be satisfied, after a full hearing upon the petition and an examination of the evidence that it is necessary to sell a whole or a part of the real estate for the payment of the valid claims against the intestate and the charges of administration, the court shall then make an order of sale authorizing the administrator to sell the real estate of the intestate.

. Section 80 provides that this order of sale shall specify the lands to be sold, and that the court may direct the order in which the several tracts, lots, or parcels shall be sold.

Section 81 provides that after such order of sale has been made the judge of the court shall deliver a certified copy of it to the administrator, and this shall be his authority for the sale of the real estate of the intestate.

Section 83 provides how and what notice of sale shall be given by the administrator; but provides that if there shall be no newspaper printed in the county in which the sale is to be held, that notice of such sale shall be given by being published in such paper as the court may direct.

. Section 87 provides that the administrator, after making such sale, shall immediately make a report of his proceedings under the order of sale to the district court granting

the same, and if such court shall be of the opinion that the proceedings of the administrator were unfair, or that, if another sale were had, the bid for the real estate could be increased as much as ten per cent, exclusive of the expenses of a new sale, then the court shall vacate the sale and direct another.

Section 88 provides that if the district court shall be of the opinion that the sale by the administrator was legally and fairly conducted, and that the sum bid for the property is not disproportionate to its value, or if disproportionate, that the amount realized would not be increased as much as ten per cent by a new sale, then the court shall make an order confirming such sale and direct the administrator to execute a conveyance to the purchaser.

It will be observed that a proceeding by an administrator to sell the real estate of his intestate is, under this statute, in all respects a judicial proceeding. The sale can only be made by authority of and by an order of the court. The order to make the sale can only be granted by the court, or judge thereof, after due notice to all persons interested in the estate of the intestate. The application of the administrator for leave to sell the real estate must be heard like any other proceeding by the court, and granted or denied after hearing the evidence. Finally, after the sale has been made it must be reported to the court, and is not a sale until confirmed. By the term "court" herein is meant the court or judge thereof when authorized to act. The administrator and the entire proceeding are under control and direction of the court from the time of the filing of the petition until the proceeding is ended and determined by the conveyance of the real estate sold to the purchaser thereof. It certainly cannot be doubted but that the court in this case had power, had the appellant complied with his bid, to compel the administrator to execute and deliver to him a conveyance for the real estate sold; and appellant by becoming a purchaser made himself a party to the proceed-

ing and brought himself within the control and the power
of the court quite as much as the administrator himself.
This statute, then, and the steps required to be taken there-
under for the sale by an administrator of the real estate
of his intestate, bring the proceeding, out of which the
order complained of grew, within the definition of a "ju-
dicial sale," quoted above. (See also *Halleck v. Guy*, 9 Cal.,
181; *Lynch v. Baxter*, 4 Tex., 431; *Vandever v. Baker*,
13 Pa. St., 126.)

Ought the order appealed from not to have been made
upon the facts proved in this case? His counsel say ap-
pellant acted in good faith, with no intent to deceive the
court or interrupt the orderly dispatch of its business, and
to compel him to comply with his bid will require him to
pay the sum of $800 more for the property than he sup-
posed he was paying. The answer to this is that appel-
lant's claim that he bid in this property relying on an
agreement of the administrator to-pay off the liens thereon
out of the purchase money has been found against appel-
lant, both by the chancellor and the referee, and the evidence
in the record sustains their finding. It also appears from
the evidence before us that appellant had actual knowledge
of the terms and conditions on which this sale was to be
made, and of the incumbrances existing against the real es-
tate, yet he was present at the sale and bid on the property;
that he was given actual personal notice that the adminis-
trator, at a certain time and place mentioned, would move
the district court for a confirmation of the sale. This
notice he disregarded. Having bid in the property at the
sale, he made himself a party to the proceeding, and if he
had any reason to urge why he should be released from
his bid, he should have appeared and resisted the motion to
confirm the sale. (*Phillips v. Dawley*, 1 Neb., 320.) To
remain silent while the motion to confirm the sale was
pending, and afterwards refuse to comply with his bid, was
to trifle with the court and delay the administration of jus-

tice. .This record discloses no fact which calls for the exercise of the powers of the court in behalf of the appellant. The decree or order under which this real estate was sold expressly provided that it should be sold subject to the incumbrances thereon.    This order of sale or license or decree was a matter of public record and of itself notice to all bidders at the sale made under it.    Again, section 75, chapter 23, Compiled Statutes, 1893, provides that the proceeds of any real estate sold for the payment of the debts of an intestate shall be assets in the hands of an administrator, in like manner as if the same had been originally part of the goods and chattels of the intestate, and that the administrator and the sureties on his bond shall be accountable and chargeable therefor.    And section 99 of said chapter provides that all sales of land made by administrators for the payment of the debts of their intestate shall be made subject to all liens on such real estate, whether by. mortgage or otherwise, existing at the time of the death of the intestate.    This law appellant was conclusively pre- sumed to know and bound to obey, and he cannot now be heard to say, under the facts in evidence in this case and as a reason for being released from his bid, that he and the administrator agreed to violate the law by appropriating the proceeds of the sale of the real estate to the discharge. of the incumbrances thereon.    An administrator can only sell the interest his intestate had in the real estate at his decease, and the title acquired to such real estate by. the purchaser thereof at an administrator's sale made under a decree of the court, when all the requirements of the law have been complied with, is, in effect, a quitclaim deed from the heirs of the intestate.    There is no error in the order appealed from and the same is in all things

                                   AFFIRMED.