OTIS E. HUNGATE, *Appellant*, v. A. R. HETZER *et ux.*,
*Appellees.*

No. 16,661.

1. JUDGMENTS — *Collateral Attack — Publication Service — Misnomer.* In a suit to quiet title, where the notice by publication erroneously gave the defendant's middle initial as "V" instead of "U," a judgment for the plaintiff was not void.

2. ——— *Purchaser Bound by Judgment against His Grantor.* One who subsequently took a conveyance from the defendant in the suit to quiet title was bound by the judgment rendered against his grantor.

Appeal from Kearny district court. Opinion filed October 8, 1910. Affirmed.

*Wheeler & Switzer,* for the appellant.

*H. O. Trinkle,* for the appellees.

*Per Curiam:* The only question here is the effect of a decree quieting title to lands in the case of Puckett against Andrew V. Johnson. It seems the title to the land appeared of record to be in Andrew U. Johnson at the time the appellant, Hungate, purchased the title from him. Before this conveyance to Hungate, Puckett had obtained a judgment quieting title in an action brought against Andrew V. Johnson. There can be no doubt that the name in the publication notice would naturally attract the attention of Andrew U. Johnson. There is so much similarity in the names, and the letters "U" and "V" when written, or even when printed, look very much the same. This is a collateral attack upon the judgment, and the notice must be held sufficient. (*Caldwell v. Bigger,* 76 Kan. 49; *Doyle v. Hays,* 80 Kan. 209.)

It is conceded that a mistake in a person's middle name or middle initial is of no importance as between the parties to the action, and that the judgment quieting title was binding upon Andrew U. Johnson, al-

though sued in the name of Andrew V. Johnson.. But it is contended that a different rule applies to his grantee; that the appellant was an innocent purchaser, and that if he had examined the record of the judgment it would not have put him upon inquiry.

We think the ruling of the trial court holding the judgment binding against the appellant must be sustained. The appellant is in privity with his grantor, and, as said in *Utley v. Fee,* 33 Kan. 683, "any decree rendered against the grantor affecting the grantor's title is also in effect a decree rendered against the grantee, and it equally affects his title." (p. 689.) The appellant succeeded to whatever rights Andrew U. Johnson had in the real estate, being in privity with him, but he took no greater rights. (30 Cent. Dig. Judg. § 1202.)

"A privy in estate, so as to be bound by a judgment affecting real estate to which he was not a party, is one whose title must be derived from a party bound by the judgment." (*Coleman v. Davis* [Tex. Civ. App. 1896], 36 S. W. 103, syllabus.)

The judgment is affirmed.