## BUTLER et al. v. FRYER.

No. 7366—Opinion Filed July 11, 1916.

(159 Pac. 367.)

1. Judgment—Conclusiveness—Matters Concluded—Parties.

A judgment rendered in an action of ejectment, in which the grantee in a champertous deed is the plaintiff and the party in possession of the land in question is the defendant, is not conclusive of the questions raised in a subsequent action brought by the grantors in a champertous deed for the use and benefit of the grantee therein to recover possession of the same land, since the titles upon which the causes of action are based are not the same and the parties are not the same.

2. Same.

There is no such privity of estate between the grantee in a champertous deed and his grantor as will render a judgment, given in an action of ejectment in which a grantee was plaintiff, conclusive in a subsequent action brought by the grantors in such deed against the party in possession.

(Syllabus by Burford, C.)

Error from District Court, Atoka County: J. G. Ralls, Special Judge.

Action by William Butler and another, for the use and benefit of C. W. Miller, against Andrew J. Fryer. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Humphreys & Cook, for plaintiffs in error.

W. S. Farmer, for defendant in error.

Opinion by BURFORD, C. This was an action instituted by Wm. Butler and Adeline Butler, his wife, for the use and benefit of C. W. Miller, against Andrew J. Fryer, to recover the possession of, and to cancel the deeds to, certain land in Atoka county, Oklahoma. It appears that Wm. Butler and wife were Choctaw Freedmen, and allottees of the land in controversy. They executed deeds to this land to the defendant, Fryer, at a time when, it seems to be admitted, they could not convey by reason of the restriction acts passed by Congress. Thereafter, and at a time when they could lawfully convey the land in question, they did convey it by warranty deed to C. W. Miller. Meanwhile, however, Fryer, the defendant, had entered into the possession of the land, and has at all times been in actual and adverse possession thereof. Miller commenced an action in ejectment against Fryer to recover possession. Pending this action Fryer secured a deed from William and Adeline Butler conveying to him the land, of which he was then an occupant. The action by Miller against Fryer was decided in favor of Fryer, and upon appeal to this court the decision of the district court was affirmed (Miller v. Fryer, 35 Okla. 145, 128 Pac. 713), upon the ground that the deed of the Butlers to Miller, while Fryer was in possession of the land, was champertous, and as to Fryer was void. After the conclusion of this case the present action by the Butlers for the benefit of Miller was brought. The defendant, Fryer, denied the transfer to Miller, and further pleaded that the judgment of the case of Miller against Fryer was res judicata of all the questions in the present case. The trial court found that Miller was the real party in interest in the present action, and that he was concluded by the former judgment. This is the principal error assigned upon appeal.

We are unable to agree with the conclusions of the trial court. In order for a judgment to be a bar in a subsequent action, among other things the prior judgment must have been rendered in an action in which the same parties, or their privies, were concerned, as are parties litigant in the action in which the former judgment is pleaded as a bar. So, too, it must be shown that the questions involved in the instant action were those which were litigated or could have properly been litigated in the former action. In the case at bar, Miller is not the plaintiff,

nor is he a party to the action. The action is brought in the name of the Butlers. It is true it is for the use and benefit of Miller, but he is not, as concluded by the trial court, the real party in interest.

This court has held (Gannon v. Johnston, 40 Okla. 695, 140 Pac. 430, Ann. Cas. 1915D, 522) that the grantee in a champertous deed may sue in the name of his grantor to recover the land conveyed by such deed. Our statute requires that all actions shall be brought in the name of the real party in interest. Section 4681, Rev. Laws 1910. It can only be, therefore, by holding that the grantor in the champertous deed is the real party in interest that the right to sue in his name can be sustained. Such is the effect of the decisions cited in support of the doctrine laid down in Gannon v. Johnston, supra. See Steeple v. Downing, 60 Ind. 478; Coogler v. Rogers, 25 Fla. 853, 7 South. 391; Pearson v. King, 99 Ala. 125, 10 South, 919. In the case of Miller v. Fryer et al., the reason of the decision in favor of the defendant was that Miller could not maintain the action on his champertous deed. Under Gannon v. Johnston, supra, the Butlers can maintain the action, or it can be maintained in their name for the benefit of Miller. In the former case the title relied upon as the basis of the action in ejectment was the deed by the Butlers to Miller; in the instant case the title relied on is the patent from the government to the Butlers. It seems, therefore, that there is neither identity of parties plaintiff nor of causes of action. We think it can hardly be said that, if a person prosecutes an action which he has no right to maintain, the judgment for defendant therein is conclusive against a party who does have the lawful right to maintain an action involving the same subject-matter. But it is said, and truthfully, that this court has held that a judgment is conclusive, not only of the matters litigated, but also of matters which might have been given in evidence or pleaded in the original action, except such as related to set-off and the like; and, further, that the judgment binds not only the parties to the action, but also those in privity with them. Neither of these holdings, however, is applicable to the instant case. It is true that in Gannon v. Johnston, supra, we held that where the action was brought in the name of the champertous grantee he might thereafter by amendment join the name of his grantor and maintain the action, but we have never understood the rule that judgments are conclusive to those matters which might have been pleaded to be carried so far as to hold that such judgment concludes the right of a necessary party to the action, who was never served or appeared therein, merely because he might have been made a party.

and might have been brought into the action. Neither can it be said in any proper sense that the Butlers are privies in estate with Miller. Privity in estate, as we understand it, implies mutuality of or succession in interest. Thus Miller might be in privity with the Butlers and bound by the judgment against them, but that does not necessarily mean that the Butlers are in privity with Miller and bound by the judgment in an action in which he alone was the party defendant. As is said in Bigelow on Estoppel, p. 142, approved in Seymour v. Wallace, 121 Mich. 402, 80 N. W. 242:

"To make a man a privy to an action, he must have acquired an interest in the subject-matter of the action, either by inheritance, succession, or purchase of a party subsequent to the action, or he must hold the property subordinately."

So it is said that the ground on which persons standing in privity to the litigating party are bound by the proceeding to which he is a party is that they are identical with him in interest. Williams v. Barkley, 165 N. Y. 48, 58 N. E. 765; Pennington v. Hunt (C. C.) 20 Fed. 195. "Privity implies succession." Boughton v. Harder, 46 App. Div. 352, 61 N. Y. Supp. 574. "The title of the privy must be derived from a party bound by the judgment." Allan v. Hoffman, 83 Va. 129, 2 S. E. 602; Dickinson v. Lovell, 35 N. H. 9; Hunt v. Haven, 52 N. H. 162; Coleman v. Davis (Tex. Civ. App.) 36 S. W. 103; Hungate v. Hetzer, 83 Kan. 265, 111 Pac. 183.

If there are exceptions to this rule they are not applicable here. As was said in Allred v. Smith, 135 N. C. 443, 47 S. E. 597, 65 L. R. A. 924: "No one can be bound by or take advantage of an estoppel of another who does not succeed or hold subordinately to his position." In the instant case the Butlers did not succeed to any estate or hold subordinately to Miller in any manner. It is Miller who, if he has any interest at all, holds subordinately to the Butlers. We are of the opinion, therefore, that, although a recovery of the Butlers may inure to the benefit of Miller, there is no such identity of parties or causes of action in the instant case as to render the judgment in the former case res judicata of the questions in the case at bar.

The rulings and findings of the trial court, suggested as erroneous by the defendant in error, we are precluded from reviewing by reason of the fact that he has filed no cross-petition in error, and these questions must therefore be left for the determination of the trial court upon a retrial.

For error of law in holding the judgment in Miller v. Fryer conclusive of the ques-

tions in the case at bar, the judgment of the trial court is reversed for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.