**DRENNAN et al. v. HARRIS et al.**

No. 8006—Opinion Filed Nov. 21, 1916.

On Petition for Rehearing, Feb. 12, 1918.

(161 Pac. 781; 170 Pac. 500.)

**1. Guardian and Ward—Sales Under Order of Court—Actions—Limitations.**

Where land is sold by a guardian under order of the probate court, the purchaser thereof, after the lapse of five years from and after the date of the recording of the guardian's deed, is not barred by the statute of limitations, under subdivision 2 of section 4655 of Revised Laws of 1910, from bringing suit against one who is and has been in possession thereof for more than one year, taking the rents and profits therefrom and claiming to be the owner thereof under a title having no relation to the guardianship proceedings.

**2. Same—Conclusiveness of Order of Court.**

Where the petition of a guardian asking for an order to sell real estate belonging to his ward is filed with the county court and contains allegations substantially in compliance with the provisions of the statute, the county court acquires jurisdiction to make the order; and, notwithstanding the proceedings may be irregular, the judgment rendered will not be void and subject to collateral attack.

**3. Same—Sales Under Order of Court—Requisites—Effect.**

The mode of sale by a guardian of his ward's real estate is pointed out by express statute, and he cannot make sale of such lands, except where he acts under an order of the probate court, which directs the manner of sale and specifically describes the real estate to be sold. The sale when made must be reported to the county court and confirmed by it, otherwise no title can pass to the purchaser. The order of sale is merely interlocutory, made in the course of judicial proceedings, and the final order is that of confirmation after the sale is made. The order of sale and the order of confirmation are both judicial acts; and these two orders concurring make the sale a judicial sale.

**4. Champerty and Maintenance—Grants of Lands Held Adversely—Judicial Sales.**

The champertous statute does not apply to judicial sales, and hence the fact that the defendants had been in possession of the land, claiming to be the owner thereof and taking the rents and profits therefrom for more than a year prior to the time it was sold by the guardian, does not affect the purchaser's title.

**5. Use and Occupation—Amount of Recovery.**

"The detriment caused by the wrongful occupation of real property, in cases not embraced in sections 2874, 2880, 2881 and 2882, is deemed to be the value of the use of the property for the time of such occupation, not exceeding six years next preceding the commencement of the action or proceeding to enforce the right to damages, and the costs, if any, of recovering the possession." Section 2873, Revised Laws 1910.

(Syllabus by Brunson, C.)

Error from District Court, Grady County; Will Linn, Judge.

Action by Julian C. Harris and another against R. H. Drennan and another for the possession of certain real estate and damages. Judgment for the plaintiffs, and defendants bring error. Affirmed.

Riddle & Hammerly, for plaintiffs in error.

C. S. Arnold and Bond, Melton & Melton, for defendants in error.

Opinion by BRUNSON, C. The parties will be designated here as they were in the trial court.

This suit was instituted to recover the possession of certain real estate mentioned and described in the petition and located in Grady county, Okla., to quiet the title thereto and for damages. The cause was tried to the court without a jury. It made findings of fact and rendered a judgment in favor of the plaintiffs for the possession of the land, canceling the deeds and instruments mentioned and described in the petition as being a cloud on the plaintiffs' title, and for damages in the sum of $1,260, from which judgment an appeal is prosecuted to this court.

At the beginning of the trial a stipulation was entered into wherein it was agreed that the lands in question were allotted and patented to Joanna Frazier, deceased, on the 3d day of November, 1903; that they were selected by the duly appointed, qualified, and acting administrator of the estate of the said deceased allottee. A part of said stipulation reads as follows:

"It is agreed by and between the plaintiff and defendant that the reasonable rental value of the land involved in this case is $210 per year for the years 1910, 1911, 1912, 1913, 1914 and 1915; and it is further admitted that the defendants R. H. Drennan and Henry Ford had been in the open and notorious possession of the lands, claiming title thereto under certain conveyances, to wit, warranty deeds executed and delivered in 1905, since 1905, and in the continuous and notorious possession holding the same adversely to the plaintiff and all of plaintiff's alleged grantors, and that neither the plaintiff nor any of plaintiff's alleged grantors have ever received any of the rents and revenues from said lands since the date the defendant purchased the same and took possession thereof in 1905, nor have been in possession of said land since said date."

The undisputed evidence shows that, at the time of the death of said Joanna Frazier, she left surviving her, her husband, Harris Frazier, and as her sole heir her daughter, Clara Frazier, a minor.

On the 8th day of August, 1908, Clark Wasson, the duly appointed, qualified, and acting guardian of said Clara Frazier, a minor, under order of the county court, executed a guardian's deed to Julian C. Harris, conveying to him all the right, title, and interest of said minor in and to the land in question, which deed was recorded in Grady county, Okla., on the 14th day of August, 1908. On the first day of September, 1910, Julian C. Harris conveyed said land by warranty deed to Clarence J. Crockett, which deed was filed for record in Grady county, on the 1st day of January, 1912. On the 30th day of December, 1911, Clarence J. Crockett conveyed said land by warranty deed to T. F. Memminger and E. S. Ellis, which deed was filed for record in Grady county on the 1st day of February, 1913; and on the 7th day of November, 1913, said Memminger and Ellis conveyed said land by deed back to said Clarence J. Crockett, which deed was filed for record in Grady county on the 6th day of February, 1914, and this suit was filed on the 12th day of November, 1914. On the 24th day of March, 1905, Allenton Ward and Eliza Ward conveyed by warranty deed their interest in and to said land to A. J. Waldock, which deed was duly recorded in Grady county; and on the 6th day of March, 1905, said A. J. Waldock by warranty deed conveyed all his interest in and to said land to the said R. H. Drennan, which deed was duly recorded in Grady county, and that thereupon said R. H. Drennan went into the actual and notorious possession of said lands, and since that time he has been in possession thereof holding the same adversely. On the 21st day of November, 1908, Harris Frazier by warranty deed sold his interest in and to said land to said A. J. Waldock, and thereafter on the 25th day of November, 1908, the county court of Choctaw county, Okla., made and entered an order of that date approving said deed, and said deed and order were thereafter recorded in Grady county, Okla.

In addition to a general denial, the defendants pleaded the five-year statute of limitation against the plaintiffs' right to recover possession of the lands under the guardian's deed; pleaded the three-year statute of limitation against the plaintiff's right to recover damages for the wrongful withholding of the possession of the lands from the plaintiffs; pleaded the champertous statute

against the plaintiffs' right to recover; and also pleaded that the petition of the guardian to sell real estate filed in the probate court did not allege facts sufficient to give the county court jurisdiction to make and enter an order authorizing the guardian to sell said land; and alleged that for that reason the guardian's deed conveying the land to Julian C. Harris is void.

There was admitted in evidence, without objection, letters of guardianship showing Clark Wasson to be the guardian of said Clara Frazier, a minor. There was then offered in evidence, over proper objections and exceptions, a petition of the guardian for the sale of the real estate, the order of the county court directing the guardian to sell real estate, the order of the county court approving sale of the real estate, and the guardian's deed conveying said land to Julian C. Harris.

When the plaintiffs concluded their evidence and rested, the defendants offered in evidence the warranty deed from Julian C. Harris to Clarence J. Crockett, it being offered for the purpose of showing that, at the time the suit was filed by the plaintiff Julian C. Harris, he had no right, title, or interest in or to said lands, whereupon the defendants rested. The plaintiff Harris then asked and was granted permission to open the case and make Clarence J. Crockett a party plaintiff to the suit, to which action of the court the defendants made no objection. The defendants then offered in evidence the deed from said Clarence J. Crockett to Memminger and Ellis seeking to show that Crockett had no right, title, or interest in or to said land, whereupon they rested. The plaintiffs then offered in evidence, over proper objections and exceptions, the deed from Memminger and Ellis, conveying the said lands back to Clarence J. Crockett, whereupon the defendants moved the court to strike from the record said deed, and asked the court not to consider it in evidence, which motion was overruled and exceptions saved. At the conclusion of the testimony the defendants moved the court for judgment, which motion was overruled and exceptions saved.

The plaintiffs' tenth assignment of error is as follows:

"The court erred in failing to hold that the cause of action alleged was barred by the statute of limitations under section 4655, subsec. 2, of Rev. Stat. 1910. Said statute reads as follows: 'Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action

# DRENNAN V. HARRIS 315

shall have accrued, and at no time thereafter. * * * Second. An action for the recovery of real property sold by executors, administrators or guardians, upon an order or judgment of a court directing such sale, brought by the heirs or devisees of the deceased person, or the ward or his guardian, or any person claiming under any or either of them, by the title acquired after the date of the judgment or order, within five years after the date of the recording of the deed made in pursuance of the sale.'"

The defendants are seeking to invoke the aid of this statute of limitation to defeat the plaintiffs' right of recovery. The statute of limitation began to run immediately upon the date of the recording of the guardian's deed, which was on the 14th day of August, 1908. This suit was filed on the 12th day of November, 1914, so it can be seen that more than five years' time had elapsed from the date the deed was recorded until the suit was filed. If this statute is applicable to the facts in this case, then the plaintiffs cannot recover. It is contended that this section of the statute should have the same construction placed on it that has been placed on the third subdivision of the same section of the statute. which subdivision provides that actions for recovery of real property sold for taxes shall be brought within two years after date of the recording of the tax deed. It has been held by the Supreme Court of Kansas in several cases that an action to dispossess the holders of premises under a tax deed must be brought within two years, and that the holder of a tax deed out of possession must likewise begin suit to recover possession of the land within two years from the date his tax deed was recorded. But the authorities cited and relied upon by the defendants are based upon tax sales and are controlled by the statutes of the various states from which they are taken. No decisions are cited or relied upon by the defendants placing this construction upon the statute in question. This statute has been construed by the Supreme Court of Kansas in the case of Young v. Walker, 26 Kan. 242. That case was a suit in ejectment brought by Young against Walker to recover possession of certain lands. Young, as administrator of the estate of one Walker, deceased, sold the lands at an administrators' sale to J. C. Clark. Clark then made a deed conveying the land to Young, who went into possession of the same. Walker contends that the administrator's deed was void, because he failed to conduct the sale according to law. The above statute of limitation was pleaded as being applicable in that case—more than five years' time having intervened from the time said administrator's deed was recorded until the suit was filed. The trial court found the issues in favor of Walker, and rendered judgment accordingly.

Mr. Justice Valentine in delivering the opinion of the court said:

"It was not enacted for the purpose of curing administrators' deeds which were already good. It was really enacted for the purpose of curing administrators' deeds which would otherwise be void; and whether it will so apply as to cure the present deed, and make it valid, we shall now proceed to consider. If it will, it will certainly do justice in the present case; it will prevent the plaintiff from perpetrating a villainous wrong; it will prevent her, after she and the persons under whom she claims have received full payment for the property, from then repudiating such payment and recovering the property; and it will give the property to the defendants, who purchased it in good faith, and paid a fair price for it, and have held possession of it for several years. * * *

"The statute of limitations was unquestionably enacted for the purpose of curing irregularities. If everything was regular, there would be no need of any statute of limitations. If the administrator's deed was valid without such statute, then there would be no need of the statute. Therefore it is evident that the statute was enacted for the purpose of curing administrators' deeds which would otherwise be void."

In the case of Dodson v. Middleton, 38 Okla. 763, 135 Pac. 368, it appears that Peter Middleton, who was the owner of land in Logan county, died intestate in 1893. Among his heirs were Hannah Middleton, 16 years of age, and Lydia Middleton, 11 years of age. Upon application to the probate court, Bettie McCord was appointed guardian for said minors. She thereafterwards filed her petition in the probate court asking for an order of the court directing her to sell the interest of said minors in and to said land. The order was granted, and sale was made to Anna B. Dodson, who took possession of the land. The guardian's deed was filed for record on the 31st day of January, 1899. On August 16, 1906, suit was filed to recover possession of the land by the minors, and the five-year statute of limitations was pleaded against their right to recover Mr. Justice Hayes, delivering the opinion of the court, said:

"The statute of limitation governing this case may be found in the following sections of Comp. Laws of 1909 (Revised Laws 1910, §§ 4654—4656)"—which are the sections of the statute relied upon in this case.

"The disability of the defendant Hannah Middleton has been removed for more than two years prior to the institution of her

action; and, if a guardian's deed made in pursuance of a void judgment of a court ordering a sale is sufficient to bring into operation the foregoing statute of limitation, plaintiffs' defense as to her is established, and the trial court, to that extent, committed error."

If Julian C. Harris had been in possession of this land under his deed from the guardian and the heirs of the deceased allottee had filed this suit, the five-year statute of limitation would apply; but, unless the suit had been filed by such heirs within five years from the date the guardian's deed was recorded or within two years after such heir or heirs had reached their majority, they could not recover. This section of the statute was not enacted for the purpose of protecting parties in possession of land claiming the same under color of title acquired from parties having no right, title, or interest therein. It is a special statute of limitation and was enacted for the protection of titles to real estate acquired through sales made by guardians, executors, or administrators. Hence we conclude that the trial court did not err in holding that the plaintiffs' cause of action was not barred under this statute.

It is contended that the guardian's deed conveying the land to Julian C. Harris is void for the reason that the petition of said guardian filed in the probate court asking the court for an order to sell said real estate did not state facts sufficient to give the probate court jurisdiction to make an order authorizing the guardian to sell said land. With this contention we cannot agree.

Section 6553, Revised Laws of 1910, provides that when the income of an estate under guardianship is not sufficient to maintain the ward and his family, or maintain and educate the ward when a minor, his guardian may sell the real estate for that purpose upon obtaining an order therefor.

Section 6557, Revised Laws of 1910, provides that to obtain such an order the guardian must present to the county court of the county in which he was appointed guardian a verified petition thereby setting forth the condition of the estate of his ward and the facts and circumstances on which the petition was founded, tending to show the necessity or expediency of the sale.

The record shows that the guardian did file a verified petition in the county court in which he was appointed guardian, showing that a necessity existed for the sale of the interest of said minors in said land in order that funds might be had wherewith to support, maintain, and educate said minors, and we think the petition was sufficient to confer jurisdiction on the court to make the order of sale.

In the case of Howbert v. Heyle, 47 Kan. 58, 27 Pac. 116, Judge Valentine, speaking for the Supreme Court of Kansas, said:

"It is further claimed by the plaintiff in error that the petition of the guardian to sell the land of the plaintiffs is insufficient: First, because it does not state facts, but only conclusions and inferences; and, second, because it does not give a sufficient description of the land to be sold. We think the petition is amply sufficient, when attacked collaterally, as it is now attacked. It stated that the minors had no money or personal property, and that it was to their interest, and necessary for their support and education, that the land should be sold."

In the case of Sockey v. Winstock, 43 Okla. 758, 144 Pac. 372, it is said:

"The petition for the sale of real estate of wards by a guardian is required to state the purpose for which the sale is asked: * * * and we think the petition in this case is sufficient. It states that the sale is necessary in order to educate and properly maintain said minors."

It is contended that each and all of the respective alleged conveyances upon which plaintiffs base their right to recover are champertous and void, all of them having been made in contravention of section 2260, Revised Laws of 1910. But the defendants in their brief concede that the guardian's deed conveying the land to Harris is not affected by this statute and is valid, if it should be determined that the sale by the guardian is a judicial sale.

In the case of Halleck v. Guy, 9 Cal. 181, 195, 70 Am. Dec. 643, in discussing the nature of administrator's sales of lands through the probate court, it was said:

"The mode of the sale is pointed out by express statute. When sold, the report of the sale is made by the administrator to the court, and unless confirmed by order of the court there is no binding sale, and no title can pass to the purchaser. To be valid, the sale must first be ordered by the court, and afterwards confirmed by it. The order for the sale, and the order of confirmation, are both judicial acts; and these two, concurring, make the sale a judicial sale, and therefore not within the statute of frauds."

See, also, Williamson v. Berry, 49 U. S. (8 How.) 547, 12 L. Ed. 1170; Morrison et al. v. Burnette et al., 154 Fed. 617, 83 C. C. A. 391; Vandever v. Baker, 13 Pa. 121; Sackett v. Twining, 18 Pa. 199, 57 Am. Dec. 599; Hutton v. Williams, 35 Ala. 517, 76 Am.

Dec. 297; Noland v. Barrett, 122 Mo. 181, 26 S. W. 692, 43 Am. St. Rep. 572; Maul v. Hellman, 39 Neb. 322, 58 N. W. 112.

At page 17 in Rorer on Judicial Sales, we find this language:

"Whereas, in judicial sale, or sales, under orders and decrees, the property to be sold is described, and the manner of sale is directed, or ought to be, and the person appointed to sell is all the time subject to the court, and nothing is binding until by the court confirmed. * * *

"The decree of sale is merely interlocutory, made in the course of judicial proceedings, and the final decree is that of confirmation after the sale is made."

So it is in this state, the guardian has no power to sell the land of his ward, except where he acts under and by authority of an order of sale made by the probate court, which order describes specifically the land to be sold. It lays hold and acts directly on the real estate itself, and when the land is sold, according to said order, a report of the sale is made by the guardian to the court, and unless such sale is confirmed by the court there is no binding sale and no title passes to the purchaser; hence we conclude that this sale of the real estate by the guardian to Harris was a judicial sale and that the champertous statute does not make the guardian's deed void.

The court in his findings of fact found that the deed from Harris to Crockett, the deed from Crockett to Memminger and Ellis, and the deed from Memminger and Ellis back to Crockett, were all champertous and void as to the defendants in possession of the land. It was decided in the case of Huston v. Scott, 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721, that a deed conveying land to a champertous grantee was void as to the party in possession of the land, but that such deed was good as between the parties, and this is the uninterrupted holding of this court. But it is contended that the plaintiff Julian C. Harris would have to recover on the strength of his own title, and that he divested himself of his title when he conveyed the land to Crockett. However, the defendants concede that said deed was champertous and void as to the defendants in possession. These contentions are inconsistent with each other, and, if the first contention be sustained, Harris could not recover because he had conveyed his title to Crockett, and under the second contention neither Crockett nor Memminger and Ellis could recover because the deeds conveying the land to them are champertous and void as to the defendants in possession of the

land. It is true that the plaintiff Harris would have to recover on the strength of his own title; but, since under the champertous statute he was powerless to convey his title to the land as against the defendants in possession, it naturally follows that Harris is the owner of the title to the land as against the · defendants in possession thereof, and that he is the real party in interest and is the owner of the title to the land so far as the defendants in this case are concerned, and he could maintain this suit. This doctrine finds support in the case of Butler et al. v. Fryer, 59 Okla. 274, 159 Pac. 367. If the court committed error in admitting the deed in evidence conveying the land from Memminger and Ellis back to Crockett, such error was cured by the court in his judgment wherein he decided that said deed was champertous and void as to the defendants in possession of the land. The court was correct in his findings of fact and conclusions of law on this proposition.

In assignments 1 and 2 it is contended that the court erred in rendering judgment for the plaintiffs for the sum of $1,260. It was stipulated that the rental value of the lands in question was $210 a year, and the court permitted a recovery for six years or for the years 1909 to 1914, inclusive. It is shown that Crockett conveyed the lands in question to Memminger and Ellis on December 30, 1911, and that they conveyed it back to Crockett on November 7, 1913, and it is contended that the plaintiffs are not entitled to recover rents for this period of time. It is also contended that under subdivision 2 of section 4657, Revised Laws of 1910, the plaintiffs were not entitled to recover rents for more than three years; but this statute does not apply for the reason that the plaintiffs are seeking to recover damages for the wrongful withholding of the possession of the land. Neither is the other contention good because the title of Memminger and Ellis to said land was void as to the defendants while they were in possession. The plaintiffs' right to recover on this cause of action is controlled by section 2873, Revised Laws of 1910, which reads as follows:

"The detriment caused by the wrongful occupation of real property, in cases not embraced in sections 2874, 2880, 2881, and 2882, is deemed to be the value of the use of the property for the time of such occupation, not exceeding six years next preceding the commencement of the action or proceeding to enforce the right to damages, and * * * costs, if any, of recovering the possession."

The findings of fact and the judgment of the trial court are supported by ample evi-

dence, and the judgment is not contrary to law.

Finding no error in the record, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

---

### On Rehearing.

HARDY, J. On petition for rehearing, it is urged that the court erred in its application of the rule of law stated in the fourth paragraph of the syllabus to the original opinion. The rule there stated is conceded to be correct, but is said to have no application to the facts in the record. The precise contention is that, when Harris conveyed the lands to Crockett, the deed, although void as against the defendants in possession, was valid as between the parties and was effectual to convey Harris' title to Crockett, and that the subsequent deed of Crockett to Memminger and Ellis was effectual to divest Crockett of all title and interest in the premises, although void as against said defendants, and that the deed from Memminger and Ellis reconveying the premises to Crockett was void and ineffectual for any purpose. The inconsistency of this position is apparent at a glance. If the deed of Harris to Crockett, and that from Crockett to Memminger and Ellis, were effectual to convey title, the deed from Memminger and Ellis reconveying the premises to Crockett would, for the same reason, be equally effectual. Assuming as the original opinion holds that as against the defendants in possession all of said conveyances were void under the statute, the title in said premises as between the parties interested remained in Harris. Miller et al. v. Grayson et al., 64 Okla. 122, 165 Pac. 133. And Harris, as against the defendants, was entitled to maintain an action in his own name against the defendants holding adversely to him to recover possession of the lands so held and to quiet title thereto. Burckhalter et al. v. Vann, 59 Okla. 114, 157 Pac. 1148; Buell et al. v. U-Parhar-ha et al., 60 Okla. 79, 159 Pac. 507. And was not estopped from maintaining such action on the ground that he had executed a deed to Crockett, for, as to defendants, such deed was absolutely void and did not work a forfeiture of his title as against them. 11 C. J. 277.

The purpose of the statute is to protect those in adverse possession from the claims of persons based upon conveyances made in contravention thereof, and the defendants cannot blow hot and cold in the same breath by saying the deed is void as to them so as to prevent the grantee from maintaining an action for the possession of said lands, yet is at the same time valid and effectual to the extent of divesting the grantor of his title therein and conveying same to grantee so as to prevent the grantor from maintaining such action. The statute was intended as a shield for the party in possession, but was never intended as a sword for his use by which to acquire title to property rightfully belonging to another.

The other questions urged are correctly disposed of in the original opinion, and the petition for rehearing is overruled.

All the Justices concur.